## MAUGHAN, IN RE.

HABEAS CORPUS.—CONCLUSIVENESS OF RECORD.—Upon an application for a writ of *habeas corpus* founded upon the record of two convictions, which, it is claimed, were for the same offense and that imprisonment under the second conviction is therefore illegal, only the facts appearing in the record will be considered.

ID.—ID.—IDENTITY OF NAME.—The fact that a defendant was convicted of unlawful cohabitation with two women, and also was convicted of adultery for a date included within the period for which the conviction for adultery was had, and that one of the women named in the indictment for unlawful cohabitation has the same name as the woman with whom the adultery was alleged to have been committed, is not sufficient to show that the same woman is intended by both indictments, without proof *dehors* the record.

ID.—ID.—FORMER CONVICTION.—MUST BE PLEADED.—If a defendant desires to rely upon a former conviction it is his duty to plead it, and if he fails to do so, and is convicted, it cannot be tried upon *habeas corpus*.

Original Application for a writ of *habeas corpus*.

*Messrs. Richards* and *Moyle,* for the petitioner.

*Mr. Ogden Hiles,* Assistant United States Attorney, *contra.*

ANDERSON, J.:

The petitioner alleges that he is a prisoner in the custody of Frank H. Dyer, United States marshal for the territory of Utah, in the penitentiary of said territory, for a criminal offense against the laws of the United States, to wit, adultery; that such confinement is by virtue of a judgment, warrant, and the proceedings of record, including three indictments against him, his arraignment thereon, and pleas thereto, respectively, and convictions thereon upon his pleas of guilty thereto. A copy of the record is in each case attached to the petition. He alleges that under the judgment in two of the cases he has been imprisoned in the penitentiary for more than six months,

and has paid the fines and costs adjudged against 'him therein; that he is now imprisoned under the other one of the judgments rendered against him, and that such imprisonment is illegal, for the reason that the Court had no jurisdiction to pass judgment against him in said case; that the two judgments which he has satisfied by suffering the imprisonment, and paying the fines and costs adjudged against him therein, were both for the crime of unlawful cohabitation, and that he is now imprisoned under the judgment of the Court rendered against him on the indictment for adultery; that the offense is the same offense for which he has suffered punishment under the other indictments, and that the Rachel Woodward mentioned in. the indictment for adultery, and in one of the indictments for unlawful cohabitation, is one and the same person, and that he is being punished twice for the same offense; that the Court had no jurisdiction to render judgment against him on his plea of guilty to the indictment of adultery, and that the same is void; and he prays to be discharged from imprisonment thereunder. A writ of *habeas corpus* was heretofore issued in the case, and the petitioner produced in court by the United States Marshal. From the exhibits attached to the petition, it appears that on the 9th day of January, 1886, the petitioner was indicted in the district court of the first judicial district for the crime of unlawful cohabitation, alleged to have been committed between August 1, 1884, and December 10, 1885, by living and cohabiting during said period of time with Barbara Maughan, Elizabeth Hull, Erdner Maughan, Maggie Nibley, Mary Hale Maughan, Rachael Woodward Maughan, and Francis Nibley Maughan, as his wives. This indictment is designated as No. 781. The indictment was found upon the testimony of C. L. Lowe and Thomas Grant, November 9, 1888. Petitioner was arraigned, and pleaded not guilty. November 23, 1888, petitioner changed his plea of not guilty to that of guilty. January 3, 1889, petitioner was sentenced by the Court to pay a fine of $100, and $34 costs, and to be imprisoned in the penitentiary six months, the imprisonment to commence to run from said date. It also appears that on the 23d day of November,

1888, the petitioner was indicted in said district court for the crime of unlawful cohabitation with Barbara Maughan, Elizabeth Maughan, Margaret Maughan, Mary Maughan, Rachael Woodward, and Euphira Maughan, by living and cohabiting with said women as his wives from the 15th day of January, 1886, to the 23d day of November, 1888. This indictment is designated as No. 1,890, and was found upon the testimony of the petitioner alone, who voluntarily appeared before the grand jury at his own request and gave testimony. On the same day he appeared in open court, was arraigned, and pleaded guilty to the indictment. January 3, 1889, petitioner was sentenced by the Court to pay a fine of $100, and $31 costs, and to be imprisoned in the penitentiary six months, the imprisonment to run from said date. It further appears that petitioner was also indicted in said court on the 23d day of November, 1888, for the crime of adultery alleged to have been committed on the 1st day of October, 1887, with one Rachael Wood-ward; that the said indictment was designated as No. 1,891, and was found on the testimony of Joseph Howell; that on said November 23 petitioner was arraigned, and pleaded guilty to the indictment, and on the 3d day of January, 1889, was sentenced by the Court to be imprisoned in the penitentiary for two years and six months, and pay the costs of prosecution, amounting to $29.

From the foregoing it will be seen that the petitioner was regularly indicted, convicted, and sentenced for the crime of adultery, upon his plea of guilty made in open court. There is no illegality appearing anywhere in the record of the case. It does not appear in which of the three cases the plea of guilty was first entered, nor in which case judgment was first rendered. It does not appear that the Rachael Woodward with whom petitioner committed adultery on the first day of October, 1887, was the same Rachael Woodward with whom he unlawfully cohabited from the 15th day of January, 1886, to November 23d, 1888. If such was the fact, and it had been properly pleaded and proved on the trial, it would have constituted a good defense to the indictment for adultery; but this court cannot, on *habeas corpus*, hear evidence nor deter-

mine the questions from anything outside of the record in this case.

Counsel for petitioner insists that the records attached to his petition show that the adultery was committed with one of the same women, to-wit, Rachael Woodward, with whom he had unlawfully cohabited, because of the identity ·of the name in the indictments numbered 1,890 and 1,891, and cites Whart. Crim. Ev. § 802, and *State* v. *Kelsoe*, 76 Mo. 505. These authorities go no further than to lay down the doctrine that identity of name raises a presumption, more or less strong, according to circumstances, of identity of person. Wharton says: " Identity of name is not by itself, when the name is common, and when it is borne by several persons, in the same circle of society, sufficient to sustain a conclusion of identity of person. The . inference, however, rises in strength, with circumstances indi-·cating the improbability of there being two persons of the same name at the same place, at the same time, and when there was no proof that there is any other person bearing the name. Names, therefore, with other circumstances, are facts from which identity can be presumed."

In the case of *State* v. *Kelsoe, supra,* the defendant was indicted for burglary under the name of Charles Kelsoe, *alias* McCarty. At the trial he testified in his own behalf, and for the purposes of affecting his credibility the State introduced the record of the conviction of Charles Kelsoe, *alias* McCarty, of grand larceny, and this was claimed to be error; but the Court held that identity of such a name was sufficient to raise a presumption of identity of person and was proper evidence therefore to go to the jury. But in this case even the presumption of identity of person from identity of name does not appear from the indictment, nor any part of the record in the adultery case, but only appears in the record of another case, and hence cannot be considered in determining the question now presented. In none of the ·cases cited by counsel for petitioner, nor in any we have been able to find, has it been held that on *habeas corpus* facts not appearing in some part of the record of the case could be considered. It was the duty of petitioner, if he relied for defense upon the fact of a former conviction, to have

pleaded it in the district court, instead of pleading it for the first time on *habeas corpus* in this court. In the case of *In re Barton*, 21 Pac. Rep. 998, the same principle was involved. In that case Barton was indicted for unlawful cohabitation with one Mary Beesley, and also for adultery committed with Mary Beesley during the time covered by the first indictment. Both indictments were found by the same grand jury, upon the same evidence, and both indictments were presented at the same time. Barton pleaded guilty to both indictments on the same day. The Court suspended sentence in the case for unlawful cohabitation, and sentenced him to imprisonment on the charge of adultery, and he presented his petition to this court, asking to be discharged on *habeas corpus* from imprisonment, because the district court had no jurisdiction to sentence him in the adultery case, after his conviction on the plea of guilty to the charge of unlawful cohabitation. In denying him the relief prayed for, HENDERSON, J., speaking for the Court, used the following language: "When a person is charged with a crime before a court having jurisdiction to determine his guilt or innocence, and he claims immunity by reason of a former conviction or acquittal, the burden is upon him to plead it in answer to the charge and establish it by his evidence; and if he does not do so it is waived. 1 Bish. Crim. Proc. § 806; 1 Whart. Crim. Law, § 538 *et seq.*; *Ex parte Kaufman*, 73 Mo. 558; *In re Bogart*, 2 Sawy. 396; *State* v. *Webb*, 74 Mo. 333. The question of a former conviction was a matter of defense, and was a question for the determination of the court having jurisdiction to try the charge. It involves an issue of fact, the identity of the offenses charged, the existence and priority of the record relied upon, and on *habeas corpus* this court cannot try such an issue." The rule here laid down is decisive of this case, and we see no reason to change or modify it. Whatever merit there may be in the petitioner's case is a proper subject for executive consideration, but this court can afford him no relief. The prayer of the petitioner is denied, and an order will be entered accordingly.

ZANE, C. J., and HENDERSON, J., concurred.