# STATE v. BOHN.

No. 4331.   Decided June 8, 1926.   (248 P. 119.)

1. COURTS. Where prosecution in which evidence was ordered suppressed had been dismissed, introduction of identical testimony, which in meantime had been held proper by decision of Supreme Court, in subsequent prosecution for same offense, *held* not error.[1]

2. CRIMINAL LAW. Accused cannot complain because he was not given speedy public trial, as required by Const. art. 1, § 12, and Const. U. S. Amend. 6, where he made no request for trial after filing of information.

3. CRIMINAL LAW—MOTION TO QUASH INFORMATION, STATING AS GROUNDS SUPPRESSION OF EVIDENCE IN FORMER PROSECUTION AND LACK OF SPEEDY TRIAL HELD NOT PLEA TO MERITS OR PLEA OF FORMER JEOPARDY. Motion to dismiss information on grounds that evidence had been suppressed in former prosecution under information charging same offense, and that accused was not given speedy trial, *held* not to amount to plea to merits nor plea that dismissal of former action was bar to present proceeding.

4. CRIMINAL LAW. Right to plead former conviction or acquittal or former jeopardy is waived, unless made at time of entering plea, or at such other time as court may permit, in view of Comp. Laws 1917, §§ 8898, 8899.[2]

5. CRIMINAL LAW—ALTHOUGH ACCUSED, CHARGED WITH FELONY, WAS CONVICTED ONLY OF MISDEMEANOR, HE COULD NOT SET UP DISMISSAL OF FORMER CHARGE BASED ON SAME OFFENSE FOR FIRST TIME ON APPEAL, IN ABSENCE OF PLEA IN BAR (COMP. LAWS 1917, §§ 3341-3398, 9345, 9347, 9348, 9350). Where information charged unlawful possession of intoxicating liquors, and that accused was persistent violator of Comp. Laws 1917, §§ 3341-3398, so as to make charge felony, though accused was only convicted of misdemeanor, he could not assert on appeal for first time that dismissal of former charge and his release, under sections 9345, 9347, 9348, based on same offense, was bar under section 9350, in absence of plea to such effect.

6. CRIMINAL LAW. In view of Comp. Laws 1917, § 9025, one accused of possessing intoxicating liquor, and being persistent violator un-

---

[1]*State* v. *Aime*, 62 Utah, 476, 220 P. 704, 32 A. L. R. 375.

[2]*In re Maughan*, 6 Utah, 167, 21 P. 1088; *In re Barton*, 6 Utah, 264, 21 P. 998.

der section 3343, so as to make charge felony charge, may be convicted of misdemeanor, notwithstanding section 3345, as amended by Laws 1919, c. 66.

Appeal from District Court, Sixth District, Sevier County; *Jos. H. Erickson,* Judge.

Andrew Bohn was convicted for having possession of intoxicating liquor, and he appeals.

AFFIRMED.

*Bean & Hunt,* of Richfield, and *King & Schulder,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *Lawrence A. Miner,* Asst. Atty. Gen., for the State.

GIDEON, C. J.

The defendant on February 19, 1925, was found guilty of a misdemeanor by a jury, namely, having possession of intoxicating liquor. Motion for new trial was made and denied. From the judgment entered upon the verdict, this appeal is prosecuted.

It appears from the record that on September 7, 1922, complaint was filed in the justice court of Richfield city in Sevier county, Utah, charging defendant with being unlawfully in possession of intoxicating liquor, and also with being a persistent violator. A hearing was had before the justice on November 15, 1922, and the defendant was bound over to the district court. Thereafter, on November 23, 1922, an

Corpus Juris-Cyc. References:

[1] Courts 15 C. J. p. 363 n. 42.
[2] Criminal Law 16 C. J. p. 443 n. 49.
[3] Criminal Law 16 C. J. p. 394 n. 42.
[4] Criminal Law 16 C. J. p. 286 n. 70.
[5] Criminal Law 17 C. J. p. 53 n. 83.
[6] Criminal Law 16 C. J. p. 1348 n. 3.

information was filed against defendant. The charge set forth in the information was based upon the identical facts involved in the present action. It likewise appears that at the first regular term of the district court, after the filing of the information, on January 15, 1923, the defendant filed a verified petition in said court, setting out the circumstances and conditions under which it is claimed the alleged intoxicating liquor was obtained. Upon that petition the district court was asked to supress the evidence thus obtained. A hearing was had, and on February 6, 1923, the court entered its order suppressing the evidence against defendant in that action. Upon the entry of the order, it was stipulated that the case be continued for the term. It also appears that the next term of the court in Sevier county convened May 14, 1923. The action was not set for trial at that term, nor was any other disposition made of it. The next regular term of the court in that county for the year convened on September 10, 1923. On that date the action against defendant was dismissed upon motion of the district attorney. Under Comp. Laws Utah 1917, § 9347, defendant was released, if in custody, and his bondsmen exonerated by the order of dismissal. In the month of December, 1923, another complaint was filed against defendant charging him with the identical offense charged in the original complaint filed September 7, 1922. A hearing was had before a justice of the peace, and defendant was again bound over to the district court. An information was filed on December 26, 1923, charging defendant with a felony. This information was identical with the information in the former action filed November 23, 1922. It is not disputed that the facts charged in the information of December 26, 1923, were identical with the facts charged in the information of November 23, 1922, nor that the evidence to support the charge was the same evidence suppressed by the court in its order of February 6, 1923. Upon the filing of the information on December 26, 1923, defendant appeared and filed what is designated a "motion to dismiss the information and discharge

and release the defendant." That motion was supported by an affidavit of the defendant. The motion sets out that the court is without jurisdiction to receive any evidence in support of the information in relation to the possession of intoxicating liquor. The motion is based upon the ground that the evidence had been supressed by order of the district court of February 6, 1923, in an action then pending before the court wherein the present defendant was defendant and the state of Utah was plaintiff, and which action related to, and was identical with, the charge set forth in the information then on file before the court. As a further ground in support of the motion, it is set forth that defendant had not been given a speedy public trial on the charge made against him, as contemplated and provided by article 1, § 12 of the Constitution of the state of Utah, and by article 6 of the Amendments to the Constitution of the United States. The motion was based upon the record and files in the present action and the record and files in the action pending in the court on February 6, 1923, wherein the state of Utah was plaintiff, and the defendant here was defendant. The motion was overruled, and the ruling of the court is assigned as error.

Trial was had, and the jury found defendant guilty of a misdemeanor, namely, unlawfully having intoxicating liquor in his possession, and the defendant was adjudged to serve a term of 90 days in the county jail of Sevier county. To the information filed December 26, 1923, in addition to the motion hereinabove referred to, the defendant entered a plea of not guilty.

It is argued that the court erred in permitting the introduction of the identical testimony that had been suppressed by its order of February 6, 1923. The contention, as the writer understands it, is that the order of February 6, 1923, became the law of the case, and is binding upon the state. The order of February 6, 1923, was at most but a ruling of the court upon the admissibility of certain

evidence intended to be used by the state upon the trial of the action charging defendant with a felony. The order of the court suppressing the evidence was based upon the method or means of acquiring such evidence. This court, in *State* v. *Aime,* 62 Utah, 476, 220 P. 704, 32 A. L. R. 375, held that such evidence as was suppressed by the court's order of February 6th, was admissible, and that the state was within its rights in prosecution for violation of the so-called prohibition law to use evidence so obtained. The opinion in the case of State v. Aime was rendered November 15, 1923. Had the district attorney not dismissed the original action, and had trial been brought on against the defendant after the rendition of the opinion in State v. Aime, it would hardly be contended that the former ruling of the trial court suppressing the evidence would be conclusive against that court or conclusive against the state. If not binding in the original action, it is not binding on subsequent prosecution for the same offense. This contention must be denied.

It is also contended that defendant was not given a speedy public trial. It does not appear that at any time defendant requested or asked for a trial upon the information filed in the original action. At the term of court in February, 1923, upon the order suppressing the evidence, the case was continued upon stipulation. No request was made by defendant at the following term for a trial, nor was any request made at the September term by or on behalf of defendant that he be given a trial. At the opening of that term, the district attorney asked a dismissal of the action, and an order was accordingly made. No complaint is here made of the order dismissing the action. Nor did the defendant, by any request on his part, ask that he be given a trial prior to the date that the action was dismissed or at the date of dismissal. The fact that the defendant had the right to ask for and have a trial or a dismissal of the action before the term of court in September, 1923, cannot avail him in the present action, if the dismissal is not a final discharge of the defendant. A defendant in a criminal

action may waive his right to a speedy trial. He cannot remain inactive and afterwards complain that he has not been given a speedy trial and interpose that as a defense. The rule or principle of law controlling is stated in 8 R. C. L. § 28, p. 74, as follows:

"The right of the accused to a discharge for failure of the prosecution to put him on trial within the required time may be waived by his own conduct. He must claim his right if he wishes its protection. If he does not make a demand for trial, or resist a continuance of the case, or if he consents to continuances, or if he goes to trial without objecting that the time limit has passed, or if he does not make some kind of an effort to secure a speedy trial, he will not be in a position to demand a discharge because of delay in prosecution."

Furthermore, defendant did not by his plea interpose the defense that the dismissal was a bar to any further proceedings or that the dismissal was in legal effect an acquittal of the charge. The motion to quash the information was not a plea to the merits, nor was it a plea that the dismissal of the former action was a bar to the present proceeding against the defendant.

Comp. Laws Utah 1917, § 8898, sets forth the pleas that a defendant may make to an information charging him with an offense: (1) A plea of guilty; (2) a plea of not guilty; (3) a plea of former conviction or acquittal of the offense charged, which may be pleaded with or without a plea of not guilty; (4) once in jeopardy, which may be pleaded with or without a plea of not guilty. If the defendant pleads former conviction or acquittal, he must name the court rendering the judgment, the place, and the date. If the plea is once in jeopardy, it must contain a statement of the offense charged, specify the time, place, and court wherein jeopardy had attached. Comp. Laws Utah 1917, §§ 8898, 8899. As stated, in this case the only plea made to the information, other than the motion to quash hereinbefore set out, was a plea of not guilty. Under the decisions of this court the right to plead former conviction or acquittal, or once in jeopardy, is waived, unless made

at the time of entering the plea or at such other time as the court may permit. *In re Maughan,* 6 Utah, 167, 21 P. 1088; *In re Barton,* 6 Utah, 264, 21 P. 998.

Is the state precluded from the prosecution of a second action against defendant by reason of the dismissal of the former action on September 10, 1923?

Comp. Laws Utah 1917, § 9345, provides that the court, unless good cause is shown to the contrary, must order the prosecution to be dismissed, "* * * (2) if the defendant whose trial has not been postponed upon his application is not brought to trial at the next term of the court in which the information or indictment is triable, after it is filed or found."

Section 9348 provides:

"The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order an action, information, or indictment to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes."

Section 9350 is:

"An order for the dismissal of an action as provided in this chapter shall be a bar to any other prosecution for the same offense, if it is a misdemeanor; but shall not be a bar if the offense is a felony."

By express provision of section 9350, supra, the dismissal is a bar only when the offense charged is a misdemeanor, but is not a bar if the offense is a felony. The information in the instant case accuses defendant of unlawful possession of intoxicating liquor, to wit, home brew and moonshine whiskey, on the 7th day of September, 1922. It also accused defendant of being a persistent violator of title 54, Comp. Laws Utah 1917, in that theretofore, to wit, on the 5th day of August, 1920, he had been convicted of a violation of the said title 54, and that by reason of the facts charged he was a persistent violator, and is therefore deemed to be guilty of a felony. This information was identical

with the information dismissed at the term of court in September, 1923.    Both informations charge a felony.    The right to prosecute or to file a new complaint for a felony against the defendant is not denied by section 9350, supra. It is, however, contended, as the writer understands appellant's argument, by reason of the jury's verdict finding him guilty of a misdemeanor, therefore he is immune from prosecution by reason of the provisions of section 9350, supra.    It is insisted that the verdict is conclusive upon the state that a greater or higher crime than a misdemeanor had not been committed; in other words, that the verdict is conclusive on the state that the defendant was not guilty of the felony charge.    The question of a bar or former acquittal was not interposed as a defense.    The state, as has been pointed out, provides for four pleas: Guilty; not guilty; former conviction or acquittal; and once in jeopardy.    Failure to interpose a plea of a bar or acquittal by reason of the dismissal on the information in September, 1923, was a waiver of that defense, and it cannot be urged for the first time on appeal.    Neither a plea of a bar or former acquittal, nor a motion in arrest of judgment, was interposed in the lower court.    The question, therefore, whether the statute was a bar to any further prosecution or to enforcing the judgment based on the jury's verdict is not now before this court for review.    Failure to in some way present the matter to the trial court, when it could have been presented either by plea or motion, will preclude the defendant from the right to have such question reviewed on appeal.

It is further contended that the offense charged in the information was a felony, and therefore the verdict of the jury finding defendant guilty of a misdemeanor is not supported by the information.    That contention, apparently, is based upon the particular wording of Comp. Laws Utah 1917, § 3345, as amended by chapter 66, Sess. Laws Utah 1919.    It is provided in that section not only that it shall be the duty of the prosecuting officer in all cases to ascertain whether the defendant has at any time

theretofore been convicted of a violation of the provisions of the prohibition law, and, if so, to set such fact out in the complaint, but it is likewise provided that the prosecuting attorney shall have no discretion as to charging the accused with the crime of being a persistent violator by reason of a former conviction, if such fact is known to him at the time of filing the complaint. The argument, as the writer understands it, is that, by reason of the prosecuting officer not having any discretion as to the degree of crime to be charged against an accused who has once been convicted of a violation of the liquor law, the jury likewise is not permitted to find the accused guilty of a less offense than that charged in the information. We do not so understand the purport of that section. Comp. Laws Utah 1917, § 9025, is as follows:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

There is no intimation or suggestion in section 3345, supra, that it was the intent of the Legislature by any provision of that section to repeal or modify the foregoing section, to wit, section 9025. Nor is there any language used from which such an inference can fairly be deduced. The information in this case charged the defendant with having unlawfully in his possession intoxicating liquor. That part of the information charges a misdemeanor. That part of the information charging the unlawful possession of intoxicating liquor is followed by the further charge that the defendant had theretofore been convicted of a violation of section 3343 of title 54, Comp. Laws Utah 1917, and that by reason of such former conviction he was guilty of a felony. The possession of liquor as charged in the information was a necessary element or fact to be found by the jury before it could determine that the defendant was a persistent violator, and therefore guilty of a felony. The verdict is in effect a finding by the jury of a fact which was necessarily included in the offense with which defendant was charged. The

court, therefore, did not err in charging the jury that they were at liberty to find the defendant guilty of a misdemeanor if they were of the opinion that the facts proven did not establish the more serious crime, that of a felony.

We find no reversible error in the record. Judgment affirmed.

THURMAN, FRICK, and CHERRY, JJ., concur.

STRAUP, J. I concur in the result on the ground that no plea of former conviction or acquittal or once in jeopardy was interposed. Had there been such a plea, it would have barred a conviction of the misdemeanor of which the accused was convicted, but not of the charged felony; such misdemeanor being the identical misdemeanor and transaction as was charged and involved in the cause dismissed by the district attorney. By such dismissal he precluded himself from subsequently, in a fresh cause, taking a conviction of the identical misdemeanor dismissed by him had the proper plea been made.