## STATE V. DURFEE.

No. 4947.   Decided August 7, 1930.   (290 P. 962.)

1

2

*Robinson & Robinson,* of Provo, for appellant.

*Geo. P. Parker,* Atty. Gen., and *L. A. Miner,* Deputy Atty. Gen., for the State.

ELIAS HANSEN, J.

The defendant was convicted of the crime of being a persistent violator of title 54 (sections 3341-3381), Comp. Laws Utah 1917, and was sentenced to serve an indeterminate term in the state prison. He appeals. The charging part of the information which was filed against the defendant reads as follows:

"The said Cleland Durfee, on or about the 20th day of February, A. D. 1929 at the County of Utah, State of Utah, unlawfully, wilfully, feloniously and knowingly, did, then and there, have in his possession certain intoxicating liquor, to-wit: Moonshine Whiskey, containing more than one-half of one per cent alcohol by volume, he, the said Cleland Durfee prior to the commission of the offense above set out, to-wit, on the 18th day of July, 1927, in a Criminal Action before the City Court of Provo City, Utah County, State of Utah, wherein the State of Utah, was plaintiff and he, the said defendant, Cleland Durfee, was defendant, having been duly convicted of 'a violation of the provisions of title 54, Compiled Laws of Utah, 1917, which said former violation was not a violation of section 3361 of said title 54, Compiled Laws of Utah, 1917."

Title 54 of Comp. Laws Utah 1917 is commonly known as the state prohibition law. It contains various provisions prohibiting the manufacture, transportation, sale, possession, and use of intoxicating liquor. The act makes the first conviction of its provision a misdemeanor. The act, as amended by chapter 10, Laws of Utah 1925 (amending Comp. Laws 1917, § 3345), provides that:

"A person having once been convicted of a violation of any of the provisions of this title [title 54], except Section 3361, who thereafter violates the provisions thereof, shall be considered a persistent violator of this title, and shall be deemed guilty of felony."

The defendant contends, in a supplementary brief filed in this court, that the information is defective, and upon that ground he seeks a reversal of the judgment appealed from. No such claim was made in the court below by demurrer to the information or otherwise. That question is not raised by the defendant in his assignment of error.

The sufficiency of an information must be tested by the provisions of Comp. Laws Utah 1917, §§ 8830, 8832, and 8841. These sections of our Code of Criminal Procedure provide as follows:

"Sec. 8830. The information or indictment must contain:

"1. The title of the action, specifying the name of the court to which the same is presented, and the names of the parties;

"2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

"Sec. 8832. The information or indictment must be direct and certain as it regards:

"1. The party charged.

"2. The offense charged;

"3. The particular circumstances of the offense, when they are necessary to constitute a complete offense."

"Sec. 8841. The information or indictment is sufficient if it can be understood therefrom:

"1. That it is entitled in a court having authority to receive it though the name of the court be not stated;

"2. If an information, that it was subscribed and presented by a person authorized by law so to do; or, if an indictment, that it was found by a grand jury of the county in which the court was held;

"3. That the defendant is named, or, if his name cannot be discovered, that he is described by a fictitious name, with a statement that his true name is to the informant, or, as the case may be, to the grand jury, unknown;

"4. That the offense committed was within the jurisdiction of the court and is triable therein;

"5. That the offense was committed at some time prior to the time of the presenting of the information or the finding of the indictment;

"6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended, and the court to pronounce judgment upon a conviction, according to the right of the case."

If an information fails to measure up to the requirements of the provisions of our Code of Criminal Procedure which we have quoted in full the defendant may attack the information as provided in section 8889, Comp. Laws Utah 1917, which reads as follows:

"The defendant may demur to the information or indictment when it appears upon the face thereof:

"1. That the grand jury by which it was found had no legal authority to inquire into the offense charged, by reason of its not being within the legal jurisdiction of the county, if an indictment, or, if an information, that the court has no jurisdiction of the offense charged therein; or,

"2. That it does not substantially conform to the requirements of §§ 8830-8832;

"3. That more than one offense is charged, except as provided in § 8834; or,

"4. That the facts stated do not constitute a public offense; or,

"5. That it contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution."

If the sufficiency of the information is not challenged until after verdict, all defects appearing on the face of the information other than the objections that the court is without jurisdiction, and that the facts stated do not constitute a public offense, are waived. Comp. Laws Utah 1917, § 8896, provides:

"When the objections mentioned in § 8889 appear upon the face of the information or indictment, they shall be taken only by demurrer, except that the objection to the jurisdiction of the court over the subject of the information or indictment, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, or after the trial, in arrest of judgment."

This court has heretofore had occasion to point out the defects in an information that are available by demurrer as distinguished from those defects that are available after verdict. *United States* v. *West,* 7 Utah 437, 27 P. 84; *State* v. *Anderton,* 69 Utah 53, 252 P. 280. Where the sufficiency of the information has not been raised in the court below, this court is limited in its inquiry to the determination of two questions, viz.: Did the trial court have jurisdiction over the defendant and the crime charged? Do the facts alleged in the information constitute the crime of which the defendant has been convicted? The trial court clearly had jurisdiction of the person of the defendant and of the crime charged. No claim is made to the contrary. It will be observed that the language of the information charges the defendant with being a persistent violator of title 54, Comp. Laws Utah 1917, in substantially the language of the act creating and defining the offense charged. It is not always good pleading to charge a crime in the language of the act creating and defining a crime, but when an information charges a statutory crime in the language of the statute it cannot well be said that such an information does not state a public offense. While the information does not specify the particular provisions of title 54, Comp. Laws Utah 1917, that the defendant was convicted of violating, it is alleged that it was not section 3361. Regardless of what provisions of title 54, Comp. Laws Utah 1917, except section 3361, a person may have been convicted of violating, such person once so convicted is guilty of a felony if he is again convicted of the violation of its provisions. The facts alleged in the information constitute the crime of which the defendant was convicted. Whether the information in this case would or would not withstand a demurrer, upon the ground that it does not substantially conform to the requirements of sections 8830 and 8832, Comp. Laws Utah 1917, is not before us for review, and therefore we express no opinion as to that question. The following cases may be of aid to the bench and bar if that question should be properly

presented for determination. *State* v. *Webb,* 36 N. D. 235, 162 N. W. 358; *State* v. *Goldstrohm,* 84 W. Va. 129, 99 S. E. 248; *State* v. *Hoilman,* 82 W. Va. 98, 95 S. E. 591; *State* v. *Daniel,* 141 La. 423, 75 So. 102; *Fleming* v. *Commonwealth,* 175 Ky. 655, 194 S. W. 788; *State* v. *Brendeke,* 158 Minn. 239, 197 N. W. 273; *Tucker* v. *State,* 14 Okl. Cr. 54, 167 P. 637; *State* v. *Gilfilen,* 124 Wash. 434, 214 P. 831; *State* v. *Royal,* 94 W. Va. 617, 119 S. E. 801; *State* v. *Reed,* 119 Kan. 467, 239 P. 749. See also 31 C. J. 735.

Defendant also claims that the evidence is insufficient to show that he had possession of intoxicating liquor at the time and place charged in the information. The evidence on behalf of the state shows or tends to show these facts: At the time and place charged in the information defendant had just stopped his automobile on one of the public streets of Provo City, Utah county, Utah. Mr. Cleveland was in the automobile with the defendant. Two deputy sheriffs of Utah county, Utah, came up to the automobile soon after it stopped. One of the deputy sheriffs told defendant and Mr. Cleveland not to make any fuss; that they were under arrest. One of the deputy sheriffs inquired "Is she there?" to which the defendant replied "Yes, it is there." The automobile was searched and a five-gallon keg of moonshine whisky was found in the back part of the car. The keg was covered with blankets and quilts. After the defendant and Mr. Cleveland were arrested they were taken to the sheriff's office. Soon after they arrived at the sheriff's office, the sheriff in referring to the keg that was found in defendant's automobile said "It might be a keg of water or something" to which the defendant replied: "No, it is whiskey, I wish it was water." The defendant offered evidence which tended to show that the keg of liquor belonged to Mr. Cleveland, and that the defendant did not know it was in the automobile. According to the testimony of the defendant and Mr. Cleveland the former had loaned his automobile to the latter on the day in question. That Mr. Cleveland had secured the liquor and was on his way to

deliver the same to an "under-cover" man of the sheriff when the defendant got into the automobile and had ridden only a short distance when Mr. Cleveland and the defendant were arrested. That Mr. Cleveland did not inform the defendant that he had any liquor in the car until they were arrested. If the testimony offered by the defendant and his witnesses was believed by the jury, the defendant should and doubtless would have been acquitted. Considering all the evidence on behalf of the state, we are of the opinion that there was sufficient evidence to show that the defendant knowingly had in his possession intoxicating liquor at the time and place charged in the information.

Defendant also assigns as error the refusal of the trial court to submit to the jury the lesser offense of merely having intoxicating liquor in his possession. The defendant requested that such an instruction be given to the jury. It is a general rule of law that, when a lesser offense is included within the crime charged in an information, it is the duty of the trial court, when so requested, to instruct the jury on the law of the lesser crime and to inform the jury that they may, if in their opinion the evidence justifies it, find the defendant guilty of the lesser included offense. The crime of knowingly having possession of intoxicating liquors is necessarily included within the charge of being a persistent violator of title 54, Comp. Laws Utah 1917. It was so held by this court in the case of State v. Bohn, 67 Utah 362, 248 P. 119. A stipulation made by counsel for the defendant during the course of the trial takes this case out of the general rule. The state called as a witness, for the purpose of showing a former conviction of the defendant of a violation of the prohibition law, the clerk of the city court of Provo City, Utah. After some preliminary questions were asked the following occurred:

Counsel for defendant: "If the court please, to save time the defendant is willing to stipulate with the state that the defendant was convicted of having in his possession intoxicating liquors on the 18th

day of July, 1927, the prior offense which is set forth in the information in this case. We are willing to stipulate to that."

Attorney for the state: "That being the case, we don't need this witness any more, your Honor, and Mr. Evans may be excused. * * *"

The defendant, having stipulated that he had theretofore been convicted of the possession of intoxicating liquor at the time and place alleged in the information, is in no position to complain because the trial court in its ■ instruction to the jury gave full effect to the stipulation voluntarily made by the defendant during the course of the trial. The law applicable to admissions made in the course of judicial proceedings is thus stated in 16 C. J. 629:

"Admissions made in the course of judicial proceedings are substitutes for, and dispense with, the actual proof of facts. They are conclusive on the person making them at least for the purpose of the case in which they are made."

Cases are cited in the footnote which sustain the text. The law could not well be otherwise.

The judgment is affirmed.

CHERRY, C. J., and EPHRAIM HANSON and FOLLAND, JJ., concur.

STRAUP, J. (dissenting).

The evidence as to the charged lesser offense, that the defendant had possession of moonshine whisky, is in conflict. I, however, concur in the holding that there is sufficient evidence to support the charge. My dissent goes to other questions.

A violation of the liquor laws of our state is a misdemeanor. If a person having once been convicted of such a violation and thereafter again violates any provision of such laws, he is considered a persistent violator and guilty of a felony. Thus, to properly charge an offense of felony under the liquor laws requires a charge of violation or commission by the accused of a specific and described offense of such

laws, together with a charge of a prior conviction of the accused of the commission by him of a specific and described similar or other offense thereof.

The point involved and urged against the information is directed to that portion of it which relates to the allegation as to the offense of which it is alleged the defendant was previously convicted. It is urged that was not properly or sufficiently described or specified. As is seen by the information, the only specification or description of the prior offense of which it is alleged the defendant was guilty is that he, at a stated time and place and in a stated court and cause, "was convicted of a violation of the provisions of title 54, Comp. Laws Utah 1917." Such is the only specification or description given as to such prior offense. The question is, Was the information in such particular sufficient? Was it in such respect a mere defective averment of a material or essential allegation, or was it wanting in substance as to a material or essential averment, and was the charge, in such respect, in compliance with the Constitution and the statute requiring that an accused, by information or indictment, be informed of the nature and cause of the accusation against him, that the information or indictment contain a statement of the acts constituting the offense in ordinary and concise language and be direct and certain as to the offense charged and the particulars and circumstances thereof? Title 54 relates to "prohibiting the manufacture and use of intoxicating liquors, and regulating the sale and traffic therein." It contains about forty sections and covers about thirteen printed pages of the statute. Among the different things denounced as offenses are the manufacturing, sale, use, possession, and advertising of intoxicating liquors, as well as a dozen or more other matters referring to intoxicating liquors. In no particular does the information state of what prior offense the defendant was convicted. No description of any such offense is given. By the information the defendant and the court were but informed that the defendant had been convicted "of a violation of the pro-

visions of title 54, Comp. Laws Utah 1917." Such a charge is not much better than would be a charge that the accused had violated or had been convicted of violating "the provisions of the Penal Code," and the state thereunder permitted to prove a conviction of any offense within it.

In 14 R. C. L. 173, the familiar rule is stated that:

"The indictment or information must allege every material fact going to constitute the offense charged with precision and certainty, and cannot be aided by intendment. The charge must be stated with as much certainty as the circumstances of the case will permit, and so that the court can see, admitting the facts to be as stated, that a criminal offense has been committed and that the court has jurisdiction."

The matter is considered and the rule stated to the same effect in *State* v. *Swan*, 31 Utah 336, 88 P. 12; *State* v. *Topham*, 41 Utah 39, 123 P. 888, 894, and *State* v. *Hale* (Utah) 263 P. 86.

The proposition is also well put in 2 Wharton Criminal Procedure (10th Ed.) § 759, that:

"An indictment or information charging a violation of the liquor laws, either state or municipal, must be certain as to common intent, describing the offense charged with such precision and certainty as to identify the particular transaction complained of and in such language as will suffice to apprise the accused of the exact offense with which he is charged; will enable the court to judge (1) whether the facts alleged are sufficient to constitute the offense charged and support a conviction, and (2) whether the accused is tried upon the charge presented by the indictment or information; and also to enable the accused to plead a judgment of acquittal or conviction in bar of a subsequent prosecution for the same offense."

I think it clear that the information does not meet the necessary requirements, and is wanting in substance. Observations, however, are made to the effect that, inasmuch as during the trial and when the state offered to prove a prior conviction of the defendant, the defendant's counsel admitted a prior conviction, which, being a substitute for or dispensed with proof thereof, and the defendant having

failed to demur to the information, and having made no assignment of error with respect thereto, whatever defects were contained in the information were either cured or waived.

Admissions during the trial as to matters of fact are in the nature of evidence and not of pleadings. The latter must stand or fall by their own structure. I readily concede that mere defective or indefinite averments or allegations as to a material or essential fact may be aided or cured by evidence. But the portion of the information under consideration is not merely of such an infirmity. It is infirm as to the mandatory requirements of the Constitution and the statute that the accused must, by information or indictment, not by evidence, be informed of the nature and cause of the accusation against him, and that the information or indictment must contain a statement of the acts constituting the offense in ordinary and concise language and must be direct and certain as to the offense charged and as to the particulars and circumstances thereof, and is bad as against a general demurrer. Certainly no one ought to contend that an information charging that the accused, at a stated time and place, "violated the provisions of title 54, Comp. Laws Utah 1917," sufficiently met the requirements of the Constitution or of the statute, or that the state thereunder could be permitted to prove that the accused manufactured, or sold, or possessed, or advertised intoxicating liquors, or violated the provisions of the liquor laws in one or more of a dozen other particulars. As well may it be said that an information charging that the accused at a stated time and place "violated the provisions of the statute" relating to larceny, charged a public offense, objectionable only as to defective allegations of material or essential averments, but not wanting in substance, which in effect but implies that the accused well knew what he stole and the particulars and circumstances under which he committed the larceny, and hence was not by information entitled to be informed thereof. The analogy applies here upon the claim that the allega-

gation in the information, "a violation of the provisions of title 54, Comp. Laws Utah 1917," is a mere defective allegation of a material or essential averment and not wanting in substance, which again implies that the accused knew of what particular offense he had previously been convicted, and thus it was not necessary that he, by the information, be given any specification or description of the offense.

In the Topham Case, we, among other things, said that "an information wanting in essentials cannot be helped or aided by evidence, and its sufficiency in such regard cannot be determined by what the state proved or failed to prove. If anything is established and set at rest in the law, it is that defects in substance of an information or indictment are not cured by evidence or verdict," and that it is not a technical but a sound and fundamental rule in the law of criminal procedure that an accused be apprised, not by the evidence adduced, but at the outset by the information or indictment, with reasonable certainty of the particulars and nature of the accusation, and that an information as to substance must stand or fall by its own structure and cannot be aided by evidence or verdict.

Equally fallacious is the claim and as intimated in the prevailing opinion that the court, before whom the conviction was had, being a court of general jurisdiction and having jurisdiction of the class of offenses charged and having acquired jurisdiction of the person, had full jurisdiction to hear and determine the cause. We have frequently held, but which has been about as frequently overlooked, that, while the particular case must belong to the class of cases over which the court has jurisdiction, nevertheless, it is the pleadings which constitute the juridical means of investing the court with jurisdiction of subject-matter of the cause to hear, try, and adjudicate it.

In this connection it further is observed that no demurrer was interposed to the information. What of that? If, as has been seen, the information, as to the offense of felony,

was subject to a general demurrer— as I think it was—the fact that none was interposed constituted no waiver. Such an infirmity may be raised at any stage of the proceedings, either before or after judgment, or even for the first time on appeal, and in a direct proceeding, as this is, may sua sponte be noticed and acted upon by the appellate tribunal without objection, exception, or assignment. *Stockyards Nat. Bank, etc.,* v. *Bragg et al.,* 67 Utah 60, 245 P. 966.

Other observations are made that the information as to the charged felony is in the language of the statute and thus in effect was sufficient. When an offense may and when it may not be stated in the language of the statute was also considered by this court in the cases of *State* v. *Swan,* supra, and *State* v. *Topham,* supra. In the latter it is said that:

"'Where an act denounced by the statute is couched in generic terms, the information must go further in stating the offense than by merely using the language of the statute,' and that an information in such language is not sufficient 'in those cases where the acts constituting the offense are nearly as varied as the number of cases in which the charge is made."

In the Topham Case this court approvingly quoted this language in the case of *United States* v. *Cruikshank,* 92 U. S. 542, 23 L. Ed. 588, that:

"It is an elementary principle of criminal pleading that where the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition, but it must state the species—it must descend to particulars."

Here the language of the statute is that any person "having once been convicted of a violation of any of the provisions" of title 54, and "who thereafter violates the provisions thereof," is a persistent violator and guilty of a felony. Such language does not even pretend to define any offense even in general or generic terms. It merely is a reference to offenses and not a definition of them. Intimating or holding that charging as here was done, that the defendant was

convicted, in the language of the statute "of a violation of the provisions of Title 54" of the statute, sufficiently specifies or describes the offense, is, as I think, in direct conflict with the prior decisions of this court and violative of elementary and fundamental principles of criminal pleading. In view of our prior decisions and of the requirements of criminal pleadings as there announced, there ought not be any difficulty in complying with such elementary and fundamental rule, and that a substantial compliance therewith ought to be exacted and not excused even in a liquor case.

In the prevailing opinion it in effect is conceded that the charged offense in the information of having possession of intoxicating liquor is a lesser offense and necessarily included within the charged greater offense of felony, that of a persistent violator; and that when a lesser offense is included within the greater offense charged in the information, it is the duty of the court, when so requested, to instruct the jury with respect to the law as to both offenses, and that a jury may find the accused guilty of only the lesser offense if on the evidence they be so advised and determine. With that in the main, I concur. That in effect was held by this court, not only in the case of *State* v. *Bohn*, 67 Utah 362, 248 P. 119, but also in the case of *State* v. *Bruno*, 69 Utah 444, 256 P. 109. In such connection we also held that, under Comp. Laws Utah 1917, § 9025, providing that "the jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged," the jury, under an information charging the crime of a persistent violation, were privileged to find the defendant guilty of only the lesser charged offense, and that it was the duty of the court to instruct the jury not only as to the greater, but also as to the necessarily included lesser offense. Such, too, is in effect the principle stated in the case of *State* v. *Ferguson* (Utah) 279 P. 55, when there is evidence to support a conviction of the lesser offense. In a charge of persistent violation of the liquor laws it necessarily follows that, if there is sufficient evidence to show

the greater charged offense of felony, there also is sufficient evidence to show the lesser charged offense. When there is a lesser offense necessarily included in the charged greater offense, the proper rule in instructing the jury, and as in effect announced in the cases referred to, is to instruct, in substance, that, if the jury from all the evidence are convinced beyond a reasonable doubt of the guilt of the defendant as to the charged greater offense, they should convict him thereof; if they are not so convinced, but are convinced beyond a reasonable doubt of the guilt of the accused of the lesser offense, they should convict him only of the lesser offense; and if not so convinced beyond a reasonable doubt, they should acquit him. In such case one of three verdicts may be rendered by the jury, guilty of the charged greater offense, or guilty of the lesser offense, or not guilty.

The defendant proposed a request to charge as to the included lesser offense. The court refused to so charge, or otherwise to submit the lesser offense, and by the charge as given required the jury to find the defendant guilty of the charged greater offense, or to find him not guilty. The ruling is defended and upheld by the prevailing opinion, not because of any defect in the form or substance of the request, but on the theory that counsel for the defendant in the course of the trial admitted or stipulated that prior to the charged lesser offense, the defendant had been convicted of having intoxicating liquor in his possession, a material element, but not all of the essential ingredients of the charged greater offense. As to that, I do not concur. That the admission or stipulation was ample to support a finding of a prior conviction is not doubted. In addition thereto the state also put in evidence the record of the city court showing a prior conviction. But we are not now dealing with the question or subject of evidence, or as to the character or probative effect of it, or as to whether the fact of the prior conviction was or was not clearly or indisputably established or without any conflict in the evidence. The matter in hand involves questions of the duty of the court in a crimi-

nal case to instruct on and to submit to the jury, not only a part, but all, of the material allegations as presented by the information and put in issue by the plea of not guilty, and not matters of evidence, whether in the nature of admissions, or of other grades or character of evidence, adduced in the progress of the trial as to any material or essential ingredient of the information.

The trial court, considering that there was no dispute—it in effect having been admitted in the course of the trial by counsel for the defendant—as to the prior conviction of the defendant, evidently took the view that, if the jury found the defendant guilty of the lesser offense, they were required to find him guilty of only the greater, and had no option to do otherwise or to find the defendant guilty of only the lesser offense. Such, too, seems to be also the view taken in the prevailing opinion. I think it an erroneous view, and, when considered in connection with what in a criminal case is within the province of the court and what within the province of the jury, is a view committing a power to the court not possessed by it to so determine what is established, or indisputably or conclusively established, by the evidence. Since the lesser offense here admittedly was necessarily included within the greater charged offense, and since there also admittedly was evidence, though in conflict respecting the lesser offense, certainly the trial court would not have been justified to directly or expressly charge the jury that, if, on the evidence, they, beyond a reasonable doubt, found the defendant guilty of the lesser offense, concerning which the evidence was in conflict, they were required to find the defendant guilty of the greater offense, concerning which the evidence was not in conflict, and in such case were not privileged and had no right to find the defendant not guilty, or to find him guilty only of the lesser offense, for the very cogent reason that, under the express provisions of the statute, "the jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged," and that in a criminal case

the court may not, in submitting the case to the jury, control or bind them as to any material fact or allegation of the information put in issue by the plea of not guilty, no matter how affirmatively or indisputably it may be established by evidence, regardless of its grade or character. A contrary holding leads to the inevitable conclusion that, if the court in submitting a case may so bind or control the jury as to one material or essential element of the charge put in issue by the plea of not guilty, the court may also so control and bind the jury as to every other or as to all of the material and essential ingredients of the information, if indisputably or conclusively established by evidence, and direct a verdict accordingly, including a verdict of guilt as charged in the information. We all know the court may not do that, no matter how indisputably or conclusively every material and essential allegation of the information may be established by evidence, without conflict, again, for the reason that the court, no matter what the grade or character of the evidence may be, may not, in submitting a criminal case, so direct, control, or bind the jury. It is not a question as to the wisdom of such a rule, for it is firmly embedded in the rock of our Criminal Code of Procedure and Practice making the jury the sole and exclusive judges of the facts and of the issue, wholly uninfluenced by any direction or suggestion by the court as to the quantum or grade or character of the evidence or as to what it shows or does not show as to any material or essential allegation of the information, forbidding the court from making any comment on the facts, or on the evidence, or to express any opinion concerning such matters, and giving the jury the unlimited power of finding the defendant guilty of the commission of any offense necessarily included within the information, if there be evidence to support it, or to find the defendant not guilty.

In a civil case the court, depending upon the evidence, may withhold some or all of the issues from the jury and direct a verdict in favor of the one party or the other, or, if on a submission of the case to the jury they render a verdict in

disobedience of the charge or contrary to or not supported by the evidence, the court on proper application may set the verdict aside and grant a new trial. But under our Criminal Code of Procedure and Practice the court, regardless of how indisputably and conclusively every material and essential allegation of the information may be established by evidence wholly without conflict, is required to submit to the jury all of the material allegations of the information put in issue by the plea of not guilty and may not withhold any of them; and no matter how conclusively or indisputably the evidence or its grade or character may be as to the defendant's guilt, nevertheless it is within the province of the jury to find the defendant not guilty, and, though a verdict of not guilty be rendered in the very teeth of the evidence and of the charge, still it may not be disturbed or set aside.

Thus as affecting the duty of the court in submitting to the jury all of the issues presented by the information and all of the material allegations put in issue by the plea of not guilty, I do not see the relevancy of considering by what grade or character of evidence, whether by an admisssion or otherwise, the allegation or issue as to the prior conviction, or as to any other material or essential allegation of the information, was established, or as to whether it was or was not indisputably established. The admission here was not a matter of pleading, but of evidence or as a waiver of evidence. In such respect, except perhaps as to weight, the admission was no different than had it been admitted or indisputably shown that the defendant by a writing or otherwise had made an extra-judicial and definite or specific admission as to his prior conviction, or as to some other material or essential allegation of the information. In either case the court in submitting the case could not control or bind the jury as to their finding with respect thereto any more than if the state, instead of the admission, had indisputably shown the conviction by a record of a court of competent jurisdiction, which in no particular was challenged or disputed.

Here the allegations of the information as to the prior convictions, as well as to the included lesser offense, were each put in issue by the plea of not guilty. But since by evidence by an admission during the progress of the trial which was but a grade or character of evidence, the allegation as to a prior conviction was indisputably established, the court by the charge, in effect, determined such issues for himself by binding the jury that, if a verdict of guilt is rendered, it must be for the charged felony. It is my understanding that in a criminal case the court in submitting a case to a jury may not directly or indirectly bind the jury as to any material allegation put in issue by the plea of not guilty, no matter by what grade or character of evidence the allegation may be established.

I thus think it was the duty of the court under proper instructions to submit, not only a part but the whole of the information to the jury, not only the greater but the lesser offense as well, not only some but all of the material and essential allegations of the information put in issue by the plea of not guilty, with directions as to the different kinds of verdict which the jury under the information could render as their deliberations might determine. Under the information the jury had the undoubted right to render any one of three verdicts, guilty of the greater offense, or guilty of the lesser offense, or not guilty. The court in effect told the jury they could render one of only two verdicts, guilty of the greater offense, or not guilty, and directed only such forms of verdict to be given them. In view of the express provisions of the statute giving the jury the undoubted right to find the defendant guilty of any offense, the commission of which was necessarily included in the information, and in view that the lesser offense necessarily and admittedly was included therein and evidence adduced concerning it, it was just as essential to charge with respect thereto as it was with respect to the greater offense, for the one was just as much included in the information as was the other; and the failure of the court on request to do so and to inform the jury of

the different kinds of verdict, which under the information, they could and had the right to render, as by their deliberations they might determine, deprived the defendant of a substantial right. Had the jury, notwithstanding the charge, rendered a verdict finding the defendant guilty only of the lesser offense, neither the state nor the defendant could be heard to complain, for such a verdict admittedly would be within and supported by the information and by the evidence. Since the jury under the information and the evidence properly could have rendered such a verdict as by their deliberations they might determine, I see no justification in withholding such right from them, or by a charge mislead them with respect thereto, or coerce or influence them in rendering a verdict of guilt of the greater offense, or of not guilty. It is not for us to say that on the record the jury ought to have convicted the defendant as they did of the greater offense, or that they necessarily were required to do so, nor can I say, nor do I see how any one can say, that, had the jury been properly instructed, the verdict would not have been different.

I therefore am of the opinion that the judgment of the court below ought to be reversed and the cause remanded for a new trial.