Richard Gaines DYER, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.
No. A–12894.

Court of Criminal Appeals of Oklahoma.

Dec. 7, 1960.

Rehearing Denied Dec. 28, 1960.

Second Petition for Rehearing Denied Jan. 4, 1961.

**1018**

Ollie W. Gresham, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Richard Gaines Dyer, plaintiff in error, hereinafter referred to as defendant, was convicted by a jury in the district court of Tulsa County of the crime of uttering a forged instrument after former conviction of a felony, and his punishment was fixed at ten years confinement in the State Penitentiary.

The decisive question raised is the proposition that the court committed error "in refusing defendant's written instruction on the offense of uttering a forged instrument first offense."

The requested instruction reads:

"If, from the testimony that you have heard, you determine that the defendant was not guilty of the former conviction of a felony, then it is your duty to consider whether the defendant was guilty of the offense of uttering a forged instrument."

This instruction would have required the jury, although there might be evidence as an historical fact that defendant had previously been convicted of a felony, to go further and affirmatively find that the defendant was not guilty of the former conviction of a felony, before considering the matter of finding him guilty of uttering a forged instrument as a first offense. This would have required the consideration of the evidence offered in the alleged previous conviction. Obviously, such proceeding is unthinkable and such requirement would have constituted reversible error. Clearly counsel did not realize the import of the language of the requested instruction, and the court did not err in failing to give it. Nevertheless, the question arises as to whether the instructions given by the Court, and now complained of, and which appear to be proper instructions, were sufficient.

Instruction No. 6 reads:

"You are further instructed that the State prosecuted the defendant in this case on the charge of uttering a forged instrument after former conviction of a felony, as defined by the instructions which have heretofore been given you by the court.

"In this connection you are instructed that if the State proves beyond a reasonable doubt that the defendant had been previously convicted of any offense punishable by imprisonment in the penitentiary upon an offense committed prior to the commission of the offense charged herein, you may take that fact into consideration only in the assessment of the punishment of the defendant, if you find the defendant guilty beyond a reasonable doubt of the offense herein charged, and the fact that the defendant has been heretofore convicted of another crime is not any evidence of his guilt of the crime charged herein, and must not be considered by you in that light. You may also consider the fact that the defendant has been previously convicted of an

offense punishable by imprisonment in the penitentiary in passing upon the credibility of the defendant."

Instruction No. 7 is as follows:

"You are instructed that if you find from the evidence in this case beyond a reasonable doubt that the defendant did, in Tulsa County, Oklahoma, on the 29th day of December, 1959, or at any time within three years prior to the date of the filing of the information herein, commit the crime of uttering a forged instrument after former conviction of a felony as charged in the information in this case and as defined in these instructions, then it will be your duty to convict the defendant and fix his punishment at imprisonment in the State Penitentiary for a period of not less than ten years."

Should the court have given a further instruction to the jury to the effect that:

Should you fail to find that the defendant as an historical fact was, prior to the filing of the within charge, convicted of a felony as charged in the information, you will then consider whether the defendant is guilty simply of the offense of uttering a forged instrument.

If you find from the evidence beyond a reasonable doubt that the defendant did, in Tulsa County, Oklahoma, on the 29th day of December, 1959 or at any time within three years prior to the date of the filing of the information herein, commit the crime of uttering a forged instrument as charged in the information in this case and so defined in this case and as defined in these instructions, then it will be your duty to convict the defendant and fix his punishment at imprisonment in the State Penitentiary for a period of not exceeding seven years.

■ Ordinarily, where an accused is charged with having prior conviction or convictions as a basis of enhancing punishment, the jury should be instructed that should they fail to find as an historical fact that the accused had suffered a prior con-

viction, then they could consider the then charge as a first offense. As stated by Judge Nix in Skaggs v. State, Okl.Cr., 339 P.2d 1077:

"In a prosecution as a subsequent offender, the defendant is entitled to an instruction to the effect that he could be found guilty of either the principal offense or as a subsequent offender and the punishment provided by law for each offense should be clearly set forth in the instructions."

In Rice v. State, 60 Okl.Cr. 398, 64 P.2d 1240, although the proposition is not stated in the syllabus by the Court, the Court actually found that in prosecution for second-degree burglary under information charging that defendant previously had been convicted of same crime, and had served a term in the state reformatory therefor, instruction on relevancy of prior conviction held erroneous in not instructing jury concerning penalty for second-degree burglary alone, in case defendant was not found to be a second offender. By reason, however, of counsel in open court at commencement of trial having admitted that defendant had been previously convicted and sought to keep the information from the jury, this Court refused to reverse the case.

■ In the within case the defendant in his direct examination by his counsel as well as cross-examination by the county attorney admitted the previous felony conviction set out and alleged in the information.

The Attorney General contends that defendant waived the giving of any instruction other than that given by the court and hereinbefore quoted, by reason of his admissions.

There is authority to support this principle. In State v. Durfee, 77 Utah 1, 290 P. 962, it was held:

"Where counsel stipulated that defendant, charged with being 'persistent violator' of state prohibition law, had been formerly convicted of posses-

sing intoxicating liquor, he waived right to instruction on included offense (Comp.Laws 1917 § 3345, as amended by laws 1925, c. 10).

"Admissions made in course of judicial proceeding dispense with actual proof of facts and are conclusive on person making them."

See note in 116 A.L.R. 231.

The case is affirmed.

NIX and BRETT, JJ., concur.