# LUCIEN N. HINCKLEY AND EDWIN S. HINK-LEY, RESPONDENTS, *v.* GEORGE T. PEAY AND ANNIE M. PEAY, APPELLANTS.

ACCRETION AND RELICTION — LAND FORMED BY — OWNERSHIP OF. CONVEYANCE—OF LAND ADJOINING LAKE — CARRIES RIGHTS TO ACCRETIONS.

*Accretion and Reliction—Land Formed By:—Ownership of.*
    Ownership of patented lands to the meander line of a lake car-ries with it the right to all lands formed by accretion or reliction below such lands to the water's edge.

*Conveyance—of Land Adjoining Lake—Carries Rights to Accretions.*
    A conveyance of land adjoining a lake conveys the grantor's right to such lands that had or would attach to it by accretion or reliction as an incident to riparian ownership.[1]

(Decided May 2, 1900.)

Appeal from the Fourth District Court, Utah county, Hon. W. N. Dusenberry, *Judge.*

Action to determine the rights to accretions on the shores of Utah Lake. Plaintiff claiming under a grant to the meander line. From a judgment for plaintiffs, defendants appealed. *Affirmed.*

*John B. Milner, Esq.*, and *Charles DeMoisey, Esq.*, for appellants.

"It was error to admit parol evidence to limit, enlarge, or in any manner vary the written description, which,

---

[1] As to riparian rights see: *Poynter* v. *Chipman*, 8 Utah, 442; *Knudson* v. *Omanson*, 10 Utah, 120.

according to the testimony, was accurate, definite, unambiguous and certain, and which clearly expressed the intention of the parties to the deed. Greenleaf on Evidence, Vol. I, Secs. 276–277; Jones on Evidence, Vol. II, Sec. 495; *Lembeck* v. *Nye*, Am. St. Rep. 834; Wharton's Evidence, Vol. II, Secs. 1050–1054.

*Messrs. King, Burton & King* and *Grant C. Bagley, Esq.*, for respondent.

"Defendants aver in their answer that they are the owners of the accretion land, but they did not offer a syllable of testimony to support it. If they are owners, when and where did they obtain the title? The United States surveyed only to the meander line and conveyed to that boundary. Defendants could not procure land from the government. *Mitchell* v. *Smale*, 140 U. S. 412; *Lamprey* v. *State*, 18 L. R. A. 670.

"It is well settled that (the United States) having disposed of lands bordering on a meandered lake by patent without reservation or restriction, they have nothing left to convey, and consequently the law department was thereafter without jurisdiction * * * *; also that a meander line is not a true boundary, but the water where meandered is the true boundary, whether the meander line in facts coincides with the shore or not." *Lamprey* v. *State, supra; Hardin* v. *Jordan*, 140 U. S. 380.

"It has never been held that the lands under water, in front of such grants, are reserved to the United States, or that they can be afterwards granted out to other persons, to the injury of the original grantees. The attempt to make such grants is calculated to render titles uncertain, and to derogate from the value of natural boundaries, like streams and beds of water." *Hardin* v. *Jordan*, 140 U. S. 381.

The points in this case have already been adjudicated by the Supreme Court of Utah; in the case of *Poynter* v. *Chipman*, 8 Utah 442.

The case of *Knudsen* v. *Omanson* (10 Utah 125) presents a case very similar to the one at bar. The complaint, findings of fact and decree are substantially the same in both cases. The doctrine announced in the Poynter–Chipman case was re-affirmed.

MINER, J.

Among other matters it is alleged in the complaint, in substance, that plaintiffs are the owners in fee of certain lands therein described, which lie adjoining Utah Lake, and which are bounded on the south by the meander line of the lake, and that since said lands were surveyed and the meander line fixed, the waters of the lake have receded, and by accretion and reliction the patented lands have increased; that plaintiffs are the owners of said adjoining and accretion lands. Upon this point defendants deny the ownership of the plaintiffs in any lands described in the complaint, deny the possession of plaintiffs to the land derived by accretion, and claim to own the same.

The record shows that in 1856 the United States surveyed and patented section 10, Tp. 7, S. range 2 east, which lies adjacent to Utah Lake, a large body of water in Utah county. Sec. 10 being incomplete a meander line was established at or near the water's edge, and lots 1, 2, and 3 were marked as composing a portion of the section as fractional lots, and the meander line formed a southerly boundary to the lots. All lying south of the meander line was represented as water on the government maps and plats. In 1872 lots 1, 2, and 3, and other portions of section 10 were patented to one Eggertsen, and he conveyed a portion of the land so patented to him by the

United States to the defendant Peay in three separate conveyances, described by metes and bounds, the boundary of which, as explained by the testimony, included those parts of lots 1, 2, and 3, down to the meander line of the lake, as established by the government survey. Peay thereafter conveyed said and other lands in section 10 to James H. Bacon, trustee. So far as we are able to discover this deed covered land south of the meander line so called. This trust deed to Bacon was foreclosed and the same property was conveyed to Tunnecliffe who thereafter, on April 1, 1898, conveyed to the plaintiffs who went into possession. After this conveyance the defendant committed trespass on the land between the said old meander line and the lake. This action was brought to enjoin the defendant from committing trespass and interfering with plaintiff's possession thereof and to quiet title thereto.

Plaintiffs contend that the southern boundary of lots 1, 2 and 3 extends to and is identical with the meander line established by the United States survey, and that they are the owners of all lands lying south of said meander line to the lake; that since said lands were surveyed and the meander line of the lake fixed, the waters of the lake have receded, and that by accretion and reliction the patented lands have increased and belong to the owners of the patented lands, notwithstanding the deeds conveyed the lands by metes and bounds to the meander line, and south of it, but did-not in words convey lands to the meander line by name. This seems to be the principal question in the case. There were no reservations in these deeds. The patent conveyed to the meander line. Subsequent conveyances in the chain of title to the plaintiffs conveyed to the meander line, and one of the deeds conveying 57 acres to the plaintiffs, conveyed lands to and

south of the meander line that was made by accretion and reliction since the patent to lots 1, 2 and 3. The admissions of the defendant show that if he lost the land described in the deed on foreclosure, he would also lose the land he conveyed by accretion while he owned it, and such admissions also show the meander line to be at a point described in two of the deeds. By failing to deny, the answer admits the allegations in the complaint that the lands conveyed to plaintiffs are bounded on the south by the meander line of the lake, and that such southern boundary line of lots 1, 2 and 3 to the meander line are coterminous.

After a careful examination of the evidence, and the admissions in the pleadings, we find the principal facts, as heretofore stated, to be substantially correct. We also find the testimony, so far as relevant was properly admitted, and that the material findings are established by the evidence. The plaintiffs are shown to be the owners of the patented land to the meander line, as established by the government survey. This ownership carried with it the right of possession to all lands that were formed by accretion or reliction below such lands to the water's edge. The government reserves no rights to accretion lands, or lands in the waters of the lake.

When the appellant conveyed the land owned by him adjoining the lake, he conveyed his right to such lands that had or would attach to it by accretion or reliction as an incident to his riparian ownership. The reason given for the rule is that the riparian owner is likely to lose soil by the encroachment of the water, he should also have the benefit of such as would be gained from the same source.

So far as we are able to discover it is held by all authorities that the water's edge and not the meander line is the

real boundary of the land thus located and conveyed by patent from the government along the shores of meandering lakes; and the owner of such land so bounded has a right to follow the water as it recedes, and is entitled to all the land which might be added thereto by recession or accretion.

No authorities have been cited by the appellants, nor have we been able to find any which changes this rule in cases of this character.

We refrain from further discussion of the question because the general principles governing such cases, with reference to riparian rights, were fully discussed and decided by this court in *Poynter* v. *Chipman*, 8 Utah, 442, and *Knudsen* v. *Omanson*, 10 Utah, 120.

See, also, as sustaining the position taken, *Mitchell* v. *Small*, 140 U. S. 412; *Lamprey* v. *State*, 18 L. R. A. 670; *Hardin* v. *Jordan*, 140 U. S. 381; *Jeffries* v. *East O. L. Co.*, 134 U. S. 196.

We find no reversible error in the record. The judgment of the district court is affirmed, with costs, but the findings and decree should be modified in accordance with this opinion.

BARTCH, C. J., concurs.

BASKIN, J. dissenting:

It appears from the evidence that the plaintiff's title to a large portion of the accretion claimed was added to land conveyed to them in 1898 by deeds describing the same by courses and distances from a fixed point, and that said accretion had been added to the land so described long before the same was conveyed to the plaintiffs. Consequently no title to the accretion, outside of the exterior boundaries of such land, passed to the plaintiffs under

their deeds.  Besides none of said land in the calls of these deeds was bounded by the lake, nor was the lake mentioned therein.  Therefore the plaintiffs acquired title only to the land embraced within the metes and bounds of said deeds.

I cannot, therefore, concur in the decision and judgment rendered by my associates.