THE STATE OF UTAH, *Ex Relatione,* TOWN OF GAR-
LAND, Relator, v. W. W. MAUGHAN, as District
Judge of the First Judicial District, Respondent.

No. 2017.   Decided March 15, 1909 (100 Pac. 934).

1. Criminal Law—Jurisdiction of Justices of the Peace—Terri-
torial Extent. Under Comp. Laws 1907, section 303, provid-
ing that town trustees, to enforce obedience to ordinances, may
ordain such fines and penalties as they may deem proper, to be
prosecuted before the justice of the peace of the precinct in
which the town is situated, an offense against a town ordinance
must be tried before the justice of the peace of the precinct
in which the town is situated, though, as to an offense against
a law of the state, the jurisdiction of a justice of the peace
extends to the entire county. (Page 429.)

2. Statutes—Construction—Intent. Effect must be given to the
legislative intent when ascertained, and, where the language
is plain and unambiguous, it must necessarily be found in the
language itself. (Page 431.)

3. Justices of the Peace—Jurisdiction of Justices of the Peace
—Territorial Extent. Under the express provisions of Comp.
Laws 1907, section 687, where more than one precinct is em-
braced within a town, the justices of the peace of such pre-
cincts may hold court in any part of the town. (Page 431.)

4. Criminal Law—Jurisdiction of Justices of the Peace—Ter-
ritorial Extent. The justice of the peace of a precinct cannot
be held to have had jurisdiction of an offense on the ground
that the justice of the precinct in which the offense was prop-
erly triable was in collusion with the offenders and would not
have convicted them if the complaint had been filed before
him; but if the latter justice was disqualified for any of the
reasons mentioned in Comp. Laws 1907, section 692, the prose-
cution should have originated, nevertheless, in his court, and
then have been transferred to some other justice, as in that
section provided. (Page 432.)

5. Criminal Law—Jurisdiction of Justices of the Peace—Terri-
torial Extent. Comp. Laws 1907, section 303, provides that a
violation of a town ordinance shall be tried in the town where
the offense was committed, section 544 makes a justice of the
peace a precinct officer, and section 687 provides that he shall

hold court within the precinct for which elected. *Held*, that a justice of a precinct other than that in which a town is situated has no jurisdiction of a violation of a town ordinance. (Page 433.)

Original application for a writ of mandate to require respondent to set aside an order dismissing an appeal and to reinstate the cause and to hear it upon the merits.

WRIT DENIED.

*J. D. Call* for relator.

*T. D. Johnson* for respondent.

FRICK, J.

This is an original application in this court for a writ of mandate against the Honorable W. W. Maughan, as judge of the district court in and for Box Elder county, Utah, to require him to set aside an order dismissing an appeal and to reinstate the cause and to hear it upon merits.

The plaintiff, the town of Garland, after alleging its corporate existence as a municipal corporation of this state and the official position of the defendant, in substance, alleges: That on the 29th day of July, 1908, a complaint under oath was duly filed in the justice's court of Box Elder precinct, Box Elder County, Utah, in which it was charged that Joseph Orgil and John F. Owens, on the 24th day of July, 1908, at said town of Garland, in said Box Elder county, committed an offense, namely, a breach of the peace (setting forth the facts with respect thereto) "contrary to the provisions of the ordinances of said town." That said Orgil and Owens were arrested, and after a plea of not guilty were tried in said Justice's Court and found guilty of said offense in said court. That said court entered judgment against them requiring each of them to pay a fine and costs of prosecution. That said Orgil and Owens duly perfected an appeal from said judgment of conviction to the district

court of Box Elder county, of which the Honorable W. W. Maughan, the defendant herein, is presiding judge. That said cause was duly transferred to said district court, and before the same came on for trial, Orgil and Owens filed a motion in said district court asking that the complaint filed against them be dismissed upon the grounds set forth in section 5166, Comp. Laws 1907: "(1) That the justice court did not have jurisdiction of the offense; (2) that more than one offense is charged therein; (3) that the facts stated do not constitue a public offense." That the court sustained said motion upon the ground that the justice who tried the case was without jurisdiction to try the same, and that therefore the district court was likewise without jurisdiction, and entered a judgment dismissing said complaint and discharged said Orgil and Owens, and now wrongfully and unlawfully refuses to proceed with said cause and refuses to try the same upon merits. It is further made to appear: That the town of Garland is situated in Sunset precinct in said Box Elder county; that one W. R. Vanfleet was the duly elected and qualified justice in and for said Sunset precinct; that the complaint in question was sworn to and filed and the case tried before James Knudson, who was the duly elected and qualified justice in and for Box Elder precinct in said county. It further appears that Box Elder precinct, in which the case was commenced and tried, is twenty or twenty-five miles distant from the town of Garland, and that Sunset and Box Elder precincts are not contiguous. There are other facts stated, but, in the view that we take of the law, we do not deem them either material or relevant. An alternative writ was duly issued, to which the defendant appeared and demurred generally, and the cause was submitted upon the demurrer. The principal question for decision is: Did the justice of the peace who tried the case have jurisdiction of the subject of the action? If this question is decided in the negative, then the other matters are necessarily immaterial.

As we have seen, from the section hereinbefore quoted, a

complaint in a criminal proceeding may be dismissed by the district court upon either of the grounds therein stated. In order to determine the question of jurisdiction, it becomes necessary to construe section 303, Comp. Laws 1907, which so far as material here, reads as follows:

"To enforce obedience to the ordinances of the town, the board of trustees may ordain and provide such fines, forfeitures, and penalties as it may deem proper, to be prosecuted before the justice of the peace of the precinct in which such town may be situated, in the name of the corporation, and all expenses incurred in prosecution for the recovery of any fine, forfeiture or penalty shall be paid by the corporation, and all fines and forfeitures when collected shall be paid to the corporation as may be provided by ordinance. . . . A justice of the peace before whom any case is tried shall hold court in the town where the offense was committed."

From the foregoing language it is reasonably clear that the Legislature intended to fix the place of trial for all offenses committed against town ordinances, and required that such cases be tried before a justice of the peace of the precinct in which the town is situated; and, further, that the justice trying such cases must, for that purpose, hold court in the town where the offenses were committed. It is urged, however, by plaintiff's counsel, that, under the general statutes of this state, the jurisdiction of justices of the peace in criminal cases extends to the entire county. This no doubt is true in so far as offenses against the laws of the state are concerned, of which justices are given jurisdiction. It does not follow, however, that, because the jurisdiction of the justices of the peace is as indicated with respect to offenses committed against the statutes of the state, they have a like jurisdiction over offenses against town ordinances. Indeed, until the year 1898 the jurisdiction of justices of the peace over offenses committed against town ordinances did extend throughout the entire county as appears from section 1825, Comp. Laws 1888, and Sess. Laws 1890, pp. 80, 81, c. 54. By referring to the section aforesaid, it will be seen that an offense against

the ordinances of a town could be tried before any justice of the peace in the county, but the justice was required to hold his court, for that purpose, within the corporate limits of the town. The same provision was re-enacted in 1890, as appears from the laws before referred to. In the Revised Statutes of 1898, a change appears for the first time. The law was there changed as it now appears in section 303 as set forth above. By changing the phraseology of the section from "any justice of the peace in the county" to "the justice of the peace of the precinct in which the town may be situated," the Legislature must be deemed to have intended to make a change in the jurisdiction of the county justices of the peace. In the Constitution (article 8, section 8) full power is conferred upon the Legislature to determine and fix the "powers and duties" of justices of the peace. The Constitution was in effect in 1898, when the change of trial from any justice in the county to the justice of the precinct in which the town may be situated first appears.

Counsel for plaintiff attempts to meet this change by the statement that the phraseology did not confer exclusive jurisdiction upon the justice of the precinct in which the town may be situated. He urges that, unless exclusive jurisdiction is expressly conferred on one court of a class, the presumption will not be indulged that it was withheld from another court coming within the same general class. We have seen that by section 303, *supra,* special privileges are conferred upon towns in prosecutions for violations of their ordinances, in that the towns may prosecute in their own names and may retain the money in case a fine is imposed. All prosecutions for offenses against state laws must, under our Constitution, be prosecuted in the name of the state of Utah, and the fines imposed by justices' courts must be paid into the county treasury. (Section 5159.) Offenses against town ordinances are therefore an exception to the general law upon the subject of prosecutions. The Legislature, under its constitutional powers, could thus confer the special jurisdiction for trying offenses against town ordinances upon a par-

ticular justice of the peace according to his place of residence without in any way either affecting his general jurisdiction or that of other justices in the county. This, in our opinion, is just what the Legislature did when it changed section 303 and re-enacted it in its present form. If we should hold, as contended for by plaintiff's counsel, that any justice in the county may try offenses against town ordinances under section 303 the same as before it was changed, then we must hold that the change was a mere idle ceremony, and that the Legislature meant nothing by what upon its face appears to be plain and unambiguous language. This we are not prepared to do. It is our duty to give effect to the legislative intent, when that intent is ascertained; and, where the language is plain and unambiguous, it must necessarily be found in the language itself.

We think the Legislature intended just what the language imports, namely, that all offenses against town ordinances must be tried before the justice of the peace of the precinct in which the town is situated. It is urged, however, that a case might arise where a town may be located in two or more precincts, and the question then would arise: Before which one of the precinct justices should the case be tried? This emergency is expressly provided for in section 687, Comp. Laws 1907, where it is provided that in such a case either justice may hold court in any part of the town.

Another reason advanced why the justice of the peace of Box Elder precinct had jursdicition in this case is that the justice of the peace in Sunset precinct was in collusion with the offenders, and that he would not have convicted them after a trial in his court if the complaint had been filed before him. It is urged therefore that the justice was disqualified, and that it would have been useless to file a complaint in his court, and especially so because the town was not authorized by law to apply for and obtain a change of the place of trial. While these reasons, if true, may be cogent when addressed to the Legislature to amend or change

the law, we know of no rule or principle of law which authorizes us to confer jurisdiction upon any inferior court upon the grounds of either convenience or necessity. This power is expressly conferred upon the legislative branch of the state government, and consequently is withheld from the judicial branch; but if the justice of Sunset precinct was disqualified for any of the reasons mentioned in section 692, Comp. Laws 1907, the action still should have originated in his court and should have been transferred to some other justice, as in that section provided. Such a disqualification, if it existed, did not involve the change of the place of trial as contemplated by the different sections of the statute providing for a change of the place of trial under certain conditions. Section 692 is general and applies to all cases, whether civil or criminal, and provides for the place of trial in case the justice of the precinct where the action is required to be commenced is disqualified by reason of interest, or is related to the offender within the degree of affinity or consanguinity stated in the section. The plaintiff therefore ought to have commenced the action before the justice of Sunset precinct and should have made it appear, if such was the fact, that the justice was disqualified to try the case, and, if the justice refused to transfer it, he should have been compelled to do so by a court of competent jurisdiction. If the justice of Sunset precinct was not legally disqualified, no other justice had or could acquire jurisdiction to try the case. The plaintiff could not substitute one justice for another, unless this was done for legal reasons and in the manner provided by some statute. What the plaintiff was powerless to do in this regard the district court was equally powerless to do for him.

But there is another reason why the justice of Box Elder precinct had no jurisdiction to try the case. Section 303 expressly provides that all cases for violations of town ordinances shall be tried in the town where the offenses were committed. The Legislature certainly had the power to designate where and when courts shall be held for the trial

of causes. It needs neither argument nor authority to prove that a judge cannot, without express authority of law, hold court outside of the territory for which he is elected. Section. 544 makes justices of the peace precinct officers, and section 687 provides that they shall hold court within the precincts for which they are elected. In case, however, a justice holds court to try offenses committed against town ordinances, he must hold court within the limits of the town where the alleged offenses were committed. This is a special provision with regard to where the court in certain cases must be held, and hence is controlling. In neither view therefore was the justice of Box Elder precinct authorized to try the case, and the defendant, sitting as the district court of Box Elder county, was clearly right in his ruling that said justice was without jurisdiction to try the case, and that therefore said court was likewise without jurisdiction.

In view of the conclusions reached that neither the justice nor the district court had jurisdiction of the case, it becomes unnecessary to pass upon the other questions suggested by counsel. Since the matters suggested are not necessary to a disposition of the case, anything we might say with respect to them would, in a sense at least, be merely *obiter*.

It further appearing that it is impossible for the plaintiff to so amend its petition as to avoid the jurisdictional question, the writ prayed for should be, and accordingly is, denied, and the petition dismissed, at plaintiff's costs.

It is so ordered.

STRAUP, C. J., and McCARTY, J., concur.