## STATE vs. FERGUSON

No. 5012   Decided January 12, 1934.   (28 P. [2d] 175.)

*Wm. B. Higgins,* of Fillmore, for appellant.

*Geo. P. Parker,* Atty. Gen., for the State.

EPHRAIM HANSON, Justice.

The defendant was convicted in the district court of Beaver county of knowingly having in her possession intoxicating liquor as charged in the information, and sentenced to serve ninety days in the county jail and to pay a fine of $299. From the conviction and sentence she appeals.

During the trial of the case, the court, over the defendant's objection, received in evidence the justice's docket of the justice of the peace of the town of Milford, Beaver county, showing that on January 22, 1929, the defendant had been convicted of the unlawful possession of intoxicating liquor. The defendant excepted to and assigns as error the action of the court in overruling the objection. The ground for the objection was that the information did not allege facts showing such prior conviction of the defendant. The information, so far as deemed desirable for the purpose of this decision, reads as follows:

"That said defendant Mattie Ferguson on the 20th day of July, 1929, at Beaver County, State of Utah, then and there being did then and there unlawfully, wilfully, feloniously and knowingly have in her possession a quantity of intoxicating liquor, the said Mattie Ferguson being then and there a persistent violator of the 'act prohibiting the manufacture and use of intoxicating liquors' and regulating the sale and traffic therein, she having theretofore, to-wit, been convicted of unlawfully and knowingly having in her possession a quantity of intoxicating liquor."

It is quite evident from what appears in the information that it was intended to charge the defendant with being a persistent violator of the prohibition law of this state, but, whatever may have been the intention of the pleader in this respect, it is plain that defendant is charged with nothing more than a misdemeanor. The omission to allege the time, the place where, and the court in which the defendant had been once before convicted of the unlawful possession of intoxicating liquor in violation of the prohibition law of the state, or since 1925 in violation of some city ordinance, ren-

ders the information nugatory in so far as it attempts to charge the defendant with such prior conviction.

The essential facts in reference to the prior conviction must also appear in the information by direct allegation and not by way of recital. *Cooper* v. *Commonwealth*, 134 Va. 545, 113 S. E. 863; *Hart* v. *State*, 89 Fla. 202, 103 So. 633; *State* v. *Savage*, 86 W. Va. 655, 104 S. E. 153; *Smith* v. *State*, 75 Fla. 468, 78 So. 530.

It is obvious, therefore, that the information does not state facts sufficient to make the alleged possession of intoxicating liquor by the defendant on July 20, 1929, a felony. It is equally plain that, on the facts presented by the information, the only question for the court to hear and determine was the charge that the defendant, on July 20, 1929, at Beaver county, state of Utah, unlawfully and knowingly had in her possession intoxicating liquor. Hence, the defendant's conviction of the unlawful possession of intoxicating liquor in violation of the prohibition law of the state, as shown by the justice's docket, was clearly irrelevant and immaterial. The evidence is clearly excluded by the general rule that, on a prosecution for a specific offense, evidence which shows or tends to show the commission of another crime wholly independent of that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible. The objection should have been sustained. 16 C. J. 586, § 1132; *Hinckley* v. *Peay*, 22 Utah 21, 60 P. 1012; *Paetz* v. *State*, 129 Wis. 174, 107 N. W. 1090, 9 Ann. Cas. 767.

This is practically conceded by the Attorney General who contends, however, that the error was cured by the verdict. We are not impressed with that conclusion. Because the jury found, with the objectionable evidence before it, that the defendant was guilty of no greater offense than that actually charged in the information, it does not follow that its findings would have been the same with the objectionable evidence excluded. Indeed, in view of the facts and the contentions of the parties in respect thereof, we think the admis-

sion of the justice's record as to defendant's prior conviction was very prejudicial.

The defendant was the proprietress of a rooming house, consisting of the upper rooms of a two-story building. On the date in question the sheriff and two deputies entered the defendant's rooming house for the purpose of searching it for intoxicating liquor. The sheriff and one of the deputies entered from the back. The other deputy had already preceded them by way of the front entrance. At the head of the stairs they met two girls, daughters of the defendant. After a few words had passed between them the defendant came out of room 15 and said to the sheriff: "Well, Mr. Jenson, you won't find anything this time. Here are the keys. You can go ahead and search." A search through all the rooms was made, and no liquor was found. In room 15 the sheriff opened the window and looked out and saw nothing. The sheriff and one deputy went down the back stairway and when they reached a landing the deputy looked out of a window onto a flat roof which was attached to the walls of the building in which they were standing. It was the roof of a shoemaker's shop. He saw a burlap sack with a rope tied around it. Without saying anything he went down to the ground and pulled the sack to him. It contained a half-gallon glass jug with some whiskey in it, four quart bottles filled with whiskey and several pint flasks filled with the same kind of liquor. It was found directly under the window of room 15. The sheriff and his deputy brought the sack and its contents to the defendant, and she said: "Don't bring that in here. I know who it belongs to, but I am not going to tell. I will go to jail before I will tell."

The sheriff testified that, before entering the house the first time, he had looked along the roof and did not see the sack. The defendant denied that it was her liquor and denied that it had even been in her possession or under her control. It was not found on her premises, nor, from what appears from the record, premises under her control. One of defendant's witnesses testified she had seen a man place the sack

on the roof of the shoemaker's shop. In view of the pleadings, the admission of the justice's record may not, in our opinion, be regarded as harmless error.

Other errors are assigned to instructions given to the jury, but, as no exceptions thereto appear of record, they, of course, cannot be considered. *United States* v. *Eldredge*, 5 Utah 161, 13 P. 673.

At the opening of the trial the defendant objected to the introduction of any evidence whatever in the case. The sole reason urged in support of the objection was that the information did not state facts sufficient to constitute a public offense. In assigning as error the court's action in overruling her objection, the defendant asserts that neither the information nor the complaint on which the preliminary examination was heard, states facts sufficient to constitute a felony. We have already stated in this opinion that the information charged the defendant with nothing more than a misdemeanor. The offense charged is one that is clearly triable before the justice of the peace who issued the warrant of arrest and who made the order committing the defendant under bond to answer to the charge in the district court.

It is urged that this court in the case of *Jardine* v. *Harris, Dist. Judge*, 63 Utah 560, 227 P. 1029, held that the district court has original jurisdiction to hear and determine criminal causes when a misdemeanor only is charged. We think the Jardine Case so broadly claimed does not support such a proposition. What the court said in that case must be considered in connection with the facts referred to in the opinion. There a misdemeanor was charged before a city court whose jurisdiction in such particular is the same as a justice of the peace. On affidavits filed for reasons stated therein a motion was made for a change of venue and that the case be tried before another judge or justice of the peace in the county. The motion was granted. Notwithstanding there were other justices of the peace in the county, the parties stipulated that the case be transferred, not to a justice

of the peace, but to the district court of the First judicial district. In accordance with such stipulation, the case was thereupon transferred to the district court, who, without objection and upon stipulation of the parties, heard the case and rendered a judgment.

But let it not be overlooked what this court there, with respect to jurisdiction acquired by the district court, said: "It is unnecessary to determine what might be the consequences in a case of this kind if there were no stipulation between the parties that the case be tried by the District Court." It is thus seen that the result reached was influenced because of the stipulation. Right or wrong, so far as conferring subject-matter jurisdiction, no such stipulation or factor is here present, and hence the case is no authority whatever to the proposition that a justice of the peace on a complaint charging only a misdemeanor may bind the accused over and transfer the cause to the district court, there to be tried as an original cause commenced in that court.

The facts herein considered, under the provisions of our Criminal Code of Procedure present two questions: First, has the justice of the peace authority to hold the accused under bond to answer to the district court for an offense of which the justice of the peace has jurisdiction to try and punish upon conviction; second, does such commitment, if made, transfer the cause to the district court and authorize the district attorney to inform for such an offense?

To both questions we emphatically express our dissent. This court is always zealous in safeguarding the powers rightfully conferred upon it, but it is equally zealous in refusing to exercise powers we do not have. True it is in the instant case that the objection to the introduction of evidence in the case does not reach the question of the sufficiency of the complaint, but it does call our attention to the fact that the court of general jurisdiction did not have power or authority to try and hear a mere misdemeanor. Under our statutes the justice of the peace had no power or authority to commit the defendant to bail to answer for a mere

misdemeanor but having done so it was exercising a power beyond the scope of his authority, and the district court, acting as a trial judge in hearing the case, acted beyond its authority.

The judgment of conviction of the defendant, for such reasons, is reversed, and the cause is remanded to the district court of Beaver county, with directions to dismiss the action before the district court and to remit the record sent up to that court back to the justice of the peace of the town of Milford.

STRAUP, C. J., concurs.

ELIAS HANSEN, Justice (concurring).

I concur in the view expressed in the prevailing opinion that the information filed in this case does not charge a felony, but does charge a misdemeanor. Counsel for the state does not contend otherwise. The conviction of the defendant is thus founded upon an information which charges merely a misdemeanor, namely, that of possession of intoxicating liquor. In the absence of a prior conviction of one or more of the crimes defined by title 54 (§§ 3341-3381) Comp. Laws Utah 1917, the possession of intoxicating liquor is neither a felony nor an indictable misdemeanor, yet the procedure which was followed in this case is the procedure which our State Constitution and law prescribes shall be followed in prosecutions for the crimes of felonies and indictable misdemeanors. Article 1, § 13, of our State Constitution prescribes that offenses heretofore required to be prosecuted by indictments shall be prosecuted by "information after examination and commitment by a magistrate, unless the examination be waived by the accused with the consent of the State, or by indictment, with or without such examination and commitment." The crime of unlawfully having possession of intoxicating liquors is not within the class of crimes that were prosecuted by indictment prior to the adoption of our State Constitution. This action was commenced before the adop-

tion of R. S. Utah 1933. The procedure that should have been followed must be tested by the law as it then was. Title 120, Comp. Laws Utah 1917, provided:

Section 8547: "The procedure in criminal cases in the courts of this state shall be as prescribed in this code."

Section 8549: "Every public offense must be prosecuted by information after examination and commitment by a magistrate, unless the examination be waived by the accused with the consent of the state, or by indictment, with or without such examination and commitment, except:

"1. Where proceedings shall be had for the removal of a civil officer of the state, of a political subdivision thereof, of a municipality, or of a school district;

"2. Offenses arising in the militia when in actual service, and in the land and naval forces in time of war or public danger, or which the state may keep, with the consent of congress, in time of peace;

"3. Offenses triable in justices' and police courts."

Justices of the peace have criminal jurisdiction to try public offenses of "misdemeanors punishable by a fine of less than $300, or by imprisonment in the county jail or city prison not exceeding six months, or by both such fine and imprisonment." Comp. Laws Utah 1917, § 1784. Thus, when a complaint is filed with a justice of the peace, he must try the accused of the crime charged when he has jurisdiction to try the same as provided by title 120, c. 59, Comp. Laws Utah 1917. On the other hand, if a complaint is filed with a justice of the peace which charges a crime beyond his jurisdiction to try, then, and in such case, he may act merely as a committing magistrate. In such case the justice as a committing magistrate must proceed as directed by title 120, c. 16, Comp. Laws Utah 1917. The law does not confer upon a justice of the peace authority to hold an accused to answer to a charge to be filed in the district court where the crime charged in the complaint is an offense which the justice of the peace has jurisdiction to try. The complaint which was filed before the justice of the peace in this case is substantially the same as the information. The facts alleged in the complaint constitute a misdemeanor, but not an indictable

misdemeanor nor a felony; therefore, the justice of the peace was without authority to hold the accused to answer the charge to be filed in the district court. The only authority conferred upon the justice of the peace under the allegations of the complaint filed herein was to proceed to try the accused as directed by law. The action of the justice of the peace in holding the accused to answer to the district court for the offense charged in the complaint which was filed in this case was a nullity.

Neither our State Constitution nor laws authorize a person accused of having committed a misdemeanor which is triable before a justice of the peace to be charged in an information with having committed such a crime. In such case the charge must be by complaint and not by information. It is said in 3 Freeman on Judgments (5th Ed.) p. 3190, that: "In criminal prosecutions as well as in civil actions the jurisdiction of the court over the subject-matter must be called into action in some manner authorized by law." In support of the text the cases of *Ex parte Bain,* 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849; *Ex parte Wilson,* 114 U. S. 417, 5 S. Ct. 935, 939, 29 L. Ed. 89, are cited. The cases support the text. This court has in effect applied the rule in civil cases. *Stockyards Nat. Bank of South Omaha* v. *Bragg et al.,* 67 Utah 60, 245 P. 966; *Hampshire* v. *Woolley, Judge,* 72 Utah, 106, 269 P. 135. As our law does not sanction the prosecution by information of a misdemeanor which is triable before a justice of the peace, it follows that the district attorney was not authorized to inform against the defendant for the offense charged in the information, and that the district court was without jurisdiction to try the accused for the offense charged in the information which was filed in this cause.

Counsel for the state have called our attention to the provisions of Comp. Laws Utah 1917, § 9025, which read as follows: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

They have also called our attention to the case of *State* v. *Bohn,* 67 Utah 362, 248 P. 119, where it is held that the crime of unlawfully having possession of intoxicating liquor is necessarily included in the charge of being a persistent violator of title 54, Comp. Laws Utah 1917. I am unable to see wherein the quoted statute or the cited case lends any support to the view that a misdemeanor triable before a justice of the peace may be prosecuted under an information filed in the district court. Neither the complaint nor the information filed in the instant case alleged sufficient facts to charge the defendant with the commission of a felony, namely, that of being a persistent violator of title 54, Comp. Laws Utah 1917. There being no proper charge that the defendant committed a felony, there can be no misdemeanor within a crime which is not charged. If the greater offense is not charged, the lesser offense cannot be within it.

Our State Constitution gives to accused persons the right of appeal in all cases. Article 1, § 12. Our State Constitution further provides that, "from all final judgments of the district courts, there shall be a right of appeal to the Supreme Court" (art. 8, § 9) ; also that "appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the District Courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the District Courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute." As heretofore indicated, the Legislature has enacted laws to carry into effect these provisions of our Constitution. The plain language of our Constitution grants to every person convicted of a crime the right to appeal. In criminal cases triable before a justice of the peace the appeal is had to the district court, and its decision "shall be final except in cases involving the validity or constitutionality of a statute." If a misdemeanor which is triable in a justice's court may be originally tried in the district court upon an information, then and in such case some of the provisions of our State Con-

stitution and our Code of Criminal Procedure may be disregarded. Thus, if the same method of procedure may be followed in a prosecution of a person charged with a misdemeanor triable before a justice of the peace as is followed in the prosecution of a person charged with a felony or an indictable misdemeanor, then and in such case confusion must follow. This court may be called upon to review the record on appeal in some cases involving misdemeanors triable before a justice of the peace, while in other of such cases the decision of the district court will be final. If such a practice be approved, a justice of the peace may, as suits his fancy, either proceed to try or bind over to the district court for trial a person charged with a misdemeanor triable before him. To so construe the language of our State Constitution and Code of Criminal Procedure is, in my opinion, without justification. The fact that the defendant may not by her assignments of error have raised this exact question does not alter the situation. Our law relating to criminal procedure may not be altered by the consent of the parties to a cause.

I am thus of the opinion that the district attorney was not authorized to file an information in the district court charging the defendant with the misdemeanor of the unlawful possession of intoxicating liquor, and that the district court was without jurisdiction to try the defendant upon such a charge so prosecuted. In such a case the district court should sua sponte refuse to try the cause and should direct that the cause be remanded to the justice of the peace for trial unless the complaint should be so amended as to charge a felony. I thus concur in the reversal of the judgment. The majority of this court are of the opinion that the order should, in addition to reversing the judgment, direct that the cause be remanded to the district court of Beaver county, with directions to set aside the information and thereupon remand the cause to the justice's court of Milford, with directions to that court to take such further proceedings in the cause as it may be advised, not inconsis-

tent with the views herein expressed. Such is the further order.

FOLLAND, J. (concurring).

I concur in the holding that the information herein charges merely a misdemeanor, which is triable on complaint before the justice of the peace and not by the district court on the information filed; that the introduction of evidence of a former conviction was erroneous; and that the judgment of conviction should be reversed and set aside. I do not in this case care to circumscribe or place limits on the jurisdiction of the district court. Under the Constitution the district courts of this state are courts of general jurisdiction.

I concur in the order made by Mr. Justice ELIAS HANSEN in his concurring opinion with respect to the disposition of the cause.

MOFFAT, J. (concurring).

I concur in the opinion of Mr. Justice EPHRAIM HANSON to the extent that the judgment of conviction of the defendant should be reversed, and that the cause should be remanded to the district court of Beaver county. I do not concur in the order that the district court should be directed to dismiss the cause. Neither do I concur in the statement that the district court "did not have power or authority to hear a mere misdemeanor." The district courts are courts of general jurisdiction and have jurisdiction to try all causes properly before them. It is clear that a public offense has been committed. It should not be dismissed without a proper trial upon merits. The question in the instant case is not one of jurisdiction of the subject-matter of the offense classified as misdemeanors; but it is one of procedure. The proper procedure not having been pursued to vest jurisdiction of the defendant in the district court to try her for the offense attempted to be charged, the cause should have been remanded to the justice's court either to try the defendant

upon the offense which the complaint actually charged, or if the facts warranted to amend the complaint to charge the offense in such form and with such allegations as would be supported by the proof. *State* v. *Florence,* 79 Utah 200, 8 P. (2d) 621. If such allegations and proof charge and support a misdemeanor, the justice of the peace should proceed to try the cause; if the allegations charge a felony, and there is sufficient proof upon preliminary hearing, to satisfy the justice of the peace that a felony has been committed, and that there is probable cause to believe that the defendant charged committed it, it is the duty of the justice of the peace to hold the defendant under proper order to the district court.

I therefore concur in the concurring opinion of Mr. Justice ELIAS HANSEN that the cause should be remanded to the district court, with directions to that court to remand the cause to the justice's court in which the cause originated, with directions to proceed as the law and the facts may warrant.