# NEWBILL v. HENDRICKS.

No. 7251.   Decided April 19, 1949.   (205 P. 2d 247.)

See 22 C. J. S., Criminal Law, sec. 142; 31 Am. Jur. 714, 727.

*David K. Holther,* of Ogden, for plaintiff.

*Grover A. Giles,* Atty. Gen., *Zar E. Hayes,* of Salt Lake City, and *A. John Brennan,* Asst. Atty. Gen., for defendant.

McDONOUGH, Justice.

On writ of prohibition, plaintiff seeks to restrain the defendant District Judge from taking any further action in

the case of *State of Utah* v. *LeRoy Newbill,* except to quash the complaint and to dismiss the action for want of jurisdiction on the part of the justice of the peace who pronounced sentence.

According to the stipulation of facts, plaintiff was arrested in Ogden on July 24, 1948, and lodged in the county jail. On July 26, 1948, plaintiff was taken to the north courtroom on the 5th floor of the City & County Building in Ogden, before Alfred Gladwell, who is a justice of the peace for Burch Creek precinct in Weber County. Said precinct is not within the City of Ogden. The City of Ogden has a city court, and the city judge holds court in said building in Ogden. At the time plaintiff was brought before said justice of the peace in the courthouse in Ogden, a complaint was subscribed before the justice charging a misdemeanor under the state statutes and such complaint was read to plaintiff as defendant named therein. Plaintiff was asked whether or not the name stated was his true name and he was requested to plead guilty or not guilty. He had no counsel and he was not advised that said justice before whom he appeared was not the city judge and ex-officio justice of the peace for Ogden. It is conceded that if the proceedings had been conducted before the judge of the city court of Ogden, and the complaint had been filed in the city court of that city and it had so appeared from the face of the complaint, the proceedings would not have been open to attack on jurisdictional grounds. Plaintiff, as the named defendant in the questioned complaint, pleaded guilty and was sentenced. Upon learning of the fact that the person before whom he appeared was not the city judge, he obtained counsel and appealed to the District Court where he promptly made a motion pursuant to sec. 105-57-44, U. C. A. 1943 to quash the complaint and a motion to dismiss the complaint on the ground "That the justice did not have jurisdiction of the offense." Upon defendant Judge's denial of each of said motions and ordering plaintiff to appear for trial de novo in the District Court, plaintiff obtained an alternative writ of prohibition.

The sole question presented by this proceeding as viewed by plaintiff, is whether a justice of the peace can go outside of his precinct and there hold court with the same force and effect as if he were holding court in his own precinct. Defendant Judge contends that even if such question be decided in the negative, nevertheless, the writ should be vacated on the theory that by taking an appeal, the plaintiff as the defendant named in the complaint invoked the jurisdiction of the District Court for a trial de novo.

The question of whether a justice of the peace elected or appointed for a certain precinct can go beyond the territorial limits thereof and hold court with the some legal effect as if holding court in his own precinct, must be determined by the statutes of this state. A justice of the peace is a precinct officer, as provided by sec. 19-13-5, U. C. A. 1943.

The general rule is that except where authorized by statute or by constitutional provision, a justice of the peace may not hold court anywhere except within the precinct for which he was elected or appointed. See 31 Am. Jur. p. 714-715 and 727; and notes in 33 L. R. A. 90 and notes in L. R. A. 1917E 361. Sec. 20-5-1, U. C. A. 1943, provides:

"Every justice of the peace shall reside in and shall hold a justice's court in the precinct, city or town for which he is elected or appointed; provided, that where two or more precincts are embraced within the limits of any incorporated city or town the justices of the peace of such precincts may hold court at any place within such city or town."

By clear implication the foregoing statute forbids a justice of the peace from holding court outside the precinct for which he was elected or appointed except where two or more precincts are embraced within the limits of any incorporated city or town. The exception provided by statute is not applicable here, for Burch Creek precinct in which the justice of the peace was authorized to hold court, is not and was not a part of Ogden.

*In State ex rel. Town of Garland* v. *Maughan, District Judge*, 35 Utah 426, 433, 100 P. 934, 937, this court construed the aforesaid statute to require a justice of the peace to hold court within his own precinct, and further held that

"a judge cannot, without express authority of law, hold court outside of the territory for which he is elected."

Defendant District Judge contends, however, that by reason of the provisions of 105-57-1, U. C. A. 1943, in criminal proceedings a justice of the peace may hold court any place within the county. The cited section reads:

"In criminal cases the jurisdiction of justices of the peace extends to the limits of their respective counties."

Thereby it is provided that regardless of where the offense is committed within the county, proceedings may be instituted before any justice of the peace within the county; it does not say that a justice of the peace may hold court outside his precinct, nor evidence a legislative sanction for a justice of the peace to function as a circuit judge.

In this case the justice of the peace was entirely outside the territorial limits of the precinct for which he was elected or appointed, when he went to Ogden to hold court. The state apparently decided to prosecute the accused before this particular justice and arranged to have the justice go to the city court of Ogden where, we are convinced, he had no authority to sit nor to hold court. The complaint was subscribed and "filed" outside the precinct wherein it purported to be filed. The attempt to thus invoke the jurisdiction of the justice of the peace of Burch Creek precinct failed. The subsequent proceedings were therefore a nullity.

Defendant District Judge contends, nevertheless, that by taking an appeal to the District Court, the plain-

tiff as defendant named in the challenged complaint invoked the jurisdiction of the District Court for a trial de novo in view of the provisions of sec. 105-57-43, U. C. A. 1943, which states that

"An appeal duly perfected transfers the action to the district court for a trial anew. * * *"

However, his contention overlooks the following section, 105-57-44, which authorizes the defendant in a criminal proceeding after appeal to the District Court to move for dismissal of the complaint upon the ground "That the justice did not have jurisdiction of the offense." While the justice did have jurisdiction of the misdemeanor charged, in the sense that he might entertain the complaint in his precinct and there try the charge, we are of the opinion that in the light of prior decisions of this court, the defendant might in the case in controversy lodge his case in the District Court for the sole purpose of moving to dismiss the complaint and without thereby conceding the authority of the District Court to try the case on the merits.

While an appellant, by taking an appeal and having the papers transferred to the District Court, is entitled to have a trial de novo, he does not inexorably submit himself to the jurisdiction of the District Court for a determination of the issues on the merits. Sec. 105-57-44 contemplates that a defendant shall have the right to move to dismiss the complaint and obviate the necessity for a trial. The statute does not grant to the District Court the discretion to either grant or deny a motion for dismissal of the complaint which is based on jurisdictional grounds. If the motion is well-founded, it being determined that the justice had no jurisdiction of the offense by reason of acting outside the territorial limits of the precinct in which he is empowered to function, it is the duty of the District Court to dismiss the complaint.

As pointed out in the *Maughan* case, supra, in reference to going outside the precinct:

"The plaintiff could not substitute one justice for another, unless this was done for legal reasons and in the manner provided by some statute. What the plaintiff was powerless to do in this regard the district court was equally powerless to do for him."

In *Spangler* v. *District Court*, 104 Utah 584, 140 P. 2d 755, we held that the jurisdiction of the District Court of a cause on appeal from a justice of the peace court is derivative, and if the justice had no jurisdiction because of the want of a proper complaint under oath, the District Court acquired no jurisdiction thereof by appeal. In *Hardy* v. *Meadows*, 71 Utah 255, 264 P. 968, 974, we said:

"The effect of the holdings in all these cases is that the jurisdiction of the district court of a cause on appeal from a justice's court or other inferior court is derivative and as is held in many other jurisdictions; that if the inferior court had not jurisdiction of the cause and of the subject-matter therein presented, the district court acquired no jurisdiction thereof by appeal; * * *."

*State* v. *Ferguson*, 83 Utah 357, 28 P. 2d 175; *State* v. *Telford*, 93 Utah 228, 72 P. 2d 626, and *State* v. *Johnson*, 100 Utah 316, 114 P. 2d 1034, are cited in support of the theory that plaintiff invoked the original jurisdiction of the District Court by taking an appeal. In *State* v. *Ferguson*, supra, there was no issue as to the authority of the justice of the peace who bound defendant over for trial in the District Court on a complaint which intended to charge a felony, but which in fact only charged a misdemeanor. In *State* v. *Telford*, supra, after a plea of not guilty before the judge of the city court, it was stipulated that the cause be transferred to the District Court for trial. Thus neither of the cases involved a justice of the peace without jurisdiction in the first instance, as in this case. In *State* v. *Johnson*, supra, the district attorney filed a complaint in the District Court which charged a misdemeanor. None of these cases are controlling here.

The District Court should have granted the motion to dismiss for jurisdictional reasons. The writ will therefore be made permanent. It is so ordered.

PRATT, C. J., and WADE, WOLFE and LATIMER, JJ., concur.